[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Taylor*, Slip Opinion No. 2020-Ohio-6786.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6786

THE STATE OF OHIO, APPELLANT, *v*. TAYLOR, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Taylor*, Slip Opinion No. 2020-Ohio-6786.]**

*Criminal law—Court-appointed-counsel fees—R.C. 2941.51(D)—Trial courts are permitted to assess court-appointed-counsel fees against a defendant— Trial courts are not required to make specific findings on the record to justify the fee assessment—Court-appointed-counsel fees may be assessed at the sentencing hearing but cannot be included as a part of the defendant's sentence—Court of appeals' judgment reversed and trial-court order vacated in part.*

(Nos. 2018-1243 and 2018-1315—Submitted July 7, 2020—Decided December 22, 2020.)

APPEAL from and CERTIFIED by the Court of Appeals for Montgomery County, No. 27700, 2018-Ohio-2858.

_____

**FISCHER, J.**

{¶ 1} In this certified-conflict case from the Second District Court of Appeals, we address whether a trial court, pursuant to R.C. 2941.51(D), may order a criminal defendant to pay a portion of his or her court-appointed-counsel fees without first articulating explicit findings about the defendant's ability to pay.

{¶ 2} We answer the certified-conflict question in the negative and hold that under R.C. 2941.51(D), a trial court in a criminal case may assess court-appointed-counsel fees against a defendant without making specific findings on the record to justify the fee assessment. We recognize, however, that the best practice is for the trial court to articulate its findings on the record for the benefit of the parties and to allow for more meaningful appellate review. We also hold that an order for payment of court-appointed-counsel fees cannot be included as a part of the defendant's sentence for a criminal conviction. Although those fees may be ordered at the time of sentencing and may be listed separately in the sentencing entry as a civil matter, the best practice is to include such fees in a separate entry.

{¶ 3} Because the Second District based its decision on its determination that there is a statutory explicit-findings requirement and thus did not properly review the trial court's assessment of court-appointed-counsel fees, we reverse its judgment. And because the trial court erred in imposing court-appointed-counsel fees upon Taylor in his sentence, we also vacate the portion of the sentencing entry imposing those fees.

## BACKGROUND

### The trial court orders Taylor to pay court-appointed-counsel fees

{¶ 4} After appellee, Robert Taylor, was indicted, the trial court determined that Taylor was indigent and appointed counsel to represent him. Taylor pleaded guilty to amended charges of kidnapping and gross sexual imposition against a person under the age of 13. R.C. 2905.01(A)(2) and 2907.05(A)(4). Appellant, the state of Ohio, joined Taylor in recommending that the court impose five years of community-control sanctions.

2

{¶ 5} After ordering and reviewing Taylor's presentence-investigation report ("PSI"), the trial court opted to impose the agreed-upon term of community control. The trial court also ordered Taylor to pay a $250 supervision fee, court costs as determined by the Montgomery County clerk of court, and $130 to the assigned-counsel-budget fund. The court then stated, "I'm also going to enter judgment against [Taylor] for the * * * *costs of the prosecution* as I just went over." (Emphasis added.)

{¶ 6} The $130 court-appointed-counsel fee was listed in the "Financial Obligations" section of Taylor's sentencing entry, along with the supervision fee and court costs. The court-appointed-counsel fee was also included on the second page of the entry in the "Reimbursements Payable" section. The entry also provided, "If applicable in this case, defendant is ordered to pay any restitution, all costs of prosecution, stipulated fines, and any fees permitted pursuant to R.C. 2929.18(A)(4) and 2951.021." After the sentencing entry was journalized, Taylor filed a notice of appeal in the Second District Court of Appeals.

**The appellate court reverses the judgment of the trial court**

{¶ 7} On appeal, Taylor asserted that the trial court erred in ordering him to pay $130 toward appointed-counsel fees and that his counsel was ineffective for failing to challenge the imposition of those fees. Taylor argued that his PSI did not conclusively establish that he had the ability to pay, since it showed that he was receiving Social Security disability benefits with a limited monthly stipend and had no other source of income. Taylor also asserted that the trial court made no finding about his ability to pay. Taylor also argued that his trial counsel was ineffective for failing to raise the issue before or during sentencing.

{¶ 8} The Second District held that the trial court could not order Taylor to pay the court-appointed-counsel fees without first considering his financial ability to do so. The court determined that because "R.C. 2941.51(D) specifically provides that court-appointed counsel fees shall be paid by the county," "there is a statutory

presumption that the county will pay appointed counsel's fees and expenses." 2018-Ohio-2858, 117 N.E.3d 887, ¶ 21.  It reasoned that "[g]iven this presumption, * * * the trial court must make an explicit finding that a defendant has or reasonably may be expected to have the means to pay some or all of the cost of his or her legal representation" before assessing those fees against him.  *Id*.  Further, the court explained that someone other than the defendant would bear the burden of proving that the exception should apply.  *Id*. at ¶ 13.  The Second District concluded that the duty to pay remains fully with the county unless the record reflects a determination by the trial court regarding the defendant's ability to pay, as well as evidence supporting the court's determination.  *Id*. at ¶ 13, 15.

{¶ 9} The Second District noted that although several other courts have similarly concluded that a trial court must determine a defendant's ability to pay prior to imposing any appointed-counsel fees, they have disagreed on exactly how that determination must be reflected in the record.  The court observed that the Third and Sixth District Courts of Appeals have held that a trial court must support its determination with specific findings articulated on the record.  *Id*. at ¶ 19, citing *State v. Ramsey*, 3d Dist. Marion No. 9-10-55, 2012-Ohio-134, ¶ 22, and *State v. Talley*, 2016-Ohio-8010, 74 N.E.3d 868, ¶ 44 (6th Dist.).  But the Twelfth District has held that in order to comply with R.C. 2941.51(D), the record merely needs to indicate that the trial court has considered a PSI containing information about the defendant's finances and employment.  *Id*. at ¶ 18, citing *State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, ¶ 39.

{¶ 10} The Second District agreed with the Third and Sixth Districts, holding that in order to overcome the statutory presumption that the county must pay for appointed counsel, a trial court must make "an explicit finding" on the record regarding the defendant's ability to pay and also specify the amount the defendant can reasonably be expected to pay.  *Id*. at ¶ 21.  The court determined

that Taylor's claim of ineffective assistance of counsel based on the issue of court-appointed-counsel fees was moot. *Id.* at ¶ 27.

{¶ 11} The Second District certified that its judgment was in conflict with the Twelfth District's judgment in *Christman*.

### We recognized that a conflict exists, accepted the corresponding discretionary appeal, and ordered supplemental briefing

{¶ 12} We determined that a conflict exists and ordered the parties to brief the following question:

> Prior to ordering a defendant to pay court-appointed counsel fees pursuant to R.C. 2941.51(D), must the trial court make an explicit finding that the defendant has or reasonably may be expected to have the means to pay some or all of the cost of his or her legal representation?

154 Ohio St.3d 1421, 2018-Ohio-4495, 111 N.E.3d 19.

{¶ 13} We also accepted the state's discretionary appeal, in which it asserted a proposition of law that requires us to address the same issue as the conflict question. *See* 154 Ohio St.3d 1421, 2018-Ohio-4495, 111 N.E.3d 20. We sua sponte consolidated the two matters. *Id.*

{¶ 14} After oral argument, we sua sponte ordered supplemental briefing on the following issues:

> (1) whether R.C. 2941.51(D) authorizes a court in a criminal case to order a defendant to pay a portion of the cost of appointed counsel; (2) if so, whether that court's order of appointed-counsel fees may be included in a judgment of conviction; and (3) the extent to which the assessment of appointed-counsel fees is restricted, if at all, by

R.C. 120.03(B)(6), Ohio Adm.Code 120-1-05(C), and any other relevant statutes, administrative provisions, or agency-promulgated rules governing marginal indigency.

158 Ohio St.3d 1525, 2020-Ohio-3069, 145 N.E.3d 318.

## ANALYSIS

{¶ 15} Our review is de novo. *See State v. Consilio,* 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8 (questions of statutory interpretation are questions of law that are reviewed de novo). And here, it necessarily begins with R.C. 2941.51, which is one of several statutes, *see, e.g.,* R.C. Chapter 120, that governs the process for the appointment of counsel for criminal defendants.

{¶ 16} The General Assembly provided, in R.C. 2941.51(A), that "[c]ounsel appointed to a case * * * shall be paid for their services by the county the compensation and expenses that the trial court approves." Those fees and expenses that are approved by the court "shall *not* be taxed as a part of the costs and *shall* be paid by the county." (Emphasis added.) R.C. 2941.51(D). "However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." *Id*.

{¶ 17} Thus, under the plain language of the statute, the person represented by court-appointed counsel may be required to pay some or all of the expenses of that representation. We next must determine who may impose those fees, how those fees may be imposed, and when those fees may be imposed.

**The trial court has authority to impose court-appointed-counsel fees**

{¶ 18} In our first question for supplemental briefing, we asked whether the trial court in a criminal case has the authority to impose court-appointed-counsel fees.

6

{¶ 19} Taylor argues that the trial court in a criminal case is not authorized to impose court-appointed-counsel fees, because R.C. 2941.51(D) contains no express authorization permitting the court to do so. Taylor acknowledges that the plain language of R.C. 2941.51(D) states that a person who received representation shall pay to the county an amount that the person can reasonably be expected to pay for court-appointed counsel, but he emphasizes that the statute makes no mention of the trial court's authorization to order the person to pay those fees "via the criminal proceedings." Rather, he claims that "the court must enter a separate civil judgment for the fees or part thereof that the court finds the defendant has the ability to pay."

{¶ 20} Taylor also compares R.C. 2941.51 to other statutes that expressly authorize a court to order a defendant to pay certain fees and costs, such as R.C. 2929.18(A), which expressly authorizes a court imposing a sentence upon a felony offender to "sentence the offender to any financial sanction or combination of financial sanctions" (e.g., restitution and fines) authorized under that section, and R.C. 2947.23(A)(1)(a), which requires a court in a criminal case to include the costs of prosecution in the sentence. Due to the lack of language in R.C. 2941.51 expressly authorizing imposition of court-appointed-counsel fees, Taylor encourages us to hold that a trial court in a criminal case is not authorized to impose those fees "in its judgment of conviction."

{¶ 21} The state does not counter Taylor's argument about the lack of express authorization language in the statute. Instead, it simply relies on the statute's requirement that a person who received court-appointed counsel must pay the county what that person can reasonably be expected to pay and points to several appellate court decisions that it maintains support its position that a trial court has authority to impose these fees.

{¶ 22} Amicus curiae, Office of the Ohio Public Defender, provides a slightly different perspective, pointing this court to R.C. Chapter 120. The General

Assembly, in R.C. 120.03(B)(6), gave the Ohio Public Defender Commission the authority to establish "[p]rocedures for the assessment and collection of the costs of legal representation that is provided by public defenders and appointed counsel." However, even R.C. 120.03 does not expressly state who or what entity has the authority to *order* a person to pay court-appointed-counsel fees.

{¶ 23} A statute's silence or lack of clarity on an issue often connotes ambiguity. *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 12; *Sheet Metal Workers' Internatl. Assn., Local Union No. 33 v. Gene's Refrig., Heating & Air Conditioning, Inc.*, 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 29. When there is some doubt or ambiguity in a statute, we look to the rules of statutory interpretation. *See State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 585, 651 N.E.2d 995 (1995).

{¶ 24} The answer to our question becomes clear when we read R.C. 2941.51 in pari materia with provisions in R.C. Chapter 120. *See Herman* at 585 (all statutes relating to the same general subject matter must be read in pari materia). It is true that R.C. 2941.51(D) does not explicitly provide the trial court with the authority to impose court-appointed-counsel fees on a person who has received court-appointed counsel. The only explicit authority provided to the trial court under the statute is the authority to approve counsel's fees and expenses that must be paid by the county. R.C. 2941.51(A) and (D). However, the General Assembly, in explaining the difference between the application fee for court-appointed counsel and other fees, implied that the trial court has the authority to assess court-appointed-counsel fees. *See* R.C. 120.36(C) (the application fee is "separate from and in addition to any *other* amount assessed against a person who is found to be able to contribute toward the cost of the person's legal representation pursuant to division (D) of section 2941.51" [emphasis added]). Therefore, when R.C. 2941.51 is read in pari materia with R.C. 120.36(C), it is clear that the trial court in a criminal case has the authority to impose court-appointed-counsel fees upon a defendant.

**R.C. 2941.51(D) does not require the trial court to make explicit findings**

{¶ 25} Next, we must address how the trial court is to assess the court-appointed-counsel fees against a defendant; specifically, we must determine whether the trial court is required to make explicit findings on the record prior to the assessment of those fees.

{¶ 26} The state argues that the language of R.C. 2941.51(D) is clear and does not require a trial court to make explicit findings prior to imposing a payment obligation, and that holding that such a requirement exists would require this court to improperly add language to the statute. Taylor contends that the language of the statute is ambiguous and that the Second District did not "exceed its judicial authority" by holding that a trial court must make explicit findings regarding a defendant's ability to pay all or a portion of appointed-counsel fees. We hold that while R.C. 2941.51(D) is not without other ambiguity, it is unambiguous with respect to whether it requires a court to make explicit findings as a prerequisite to assessing appointed-counsel fees: it does not.

{¶ 27} "[T]he proper role of a court is to construe a statute as written without adding criteria not supported by the text." *State v. Taylor*, ___Ohio St.3d___, 2020-Ohio-3514, ___N.E.3d___, ¶ 9. Here, there is simply no textual basis to support requiring a trial court to make explicit findings on the record regarding the defendant's ability to pay before assessing court-appointed-counsel fees.

{¶ 28} Nonetheless, although R.C. 2941.51 does not require the trial court to make any explicit findings prior to assessing court-appointed-counsel fees against a defendant, making such findings explicitly on the record is the best practice. Indeed, doing so would give the parties a better understanding of the trial court's determination and would enable the appellate court to conduct a more meaningful review of the imposition of fees.

{¶ 29} And as for the trial court's consideration of the assessment of court-appointed-counsel fees, R.C. 2941.51 provides that the trial court evaluates whether the defendant can reasonably be expected to pay the fees. What goes into this determination are myriad factors, similar to those a court would use to evaluate a defendant's ability to pay court costs under R.C. 2947.23. The court's decision should be informed by the administrative provisions and agency-promulgated rules that govern the matters of indigency and recoupment, as that will place courts and government agencies in a better position when the relevant parties seek collection.

{¶ 30} The Second District erred in holding that the trial court committed error by not making explicit findings on Taylor's ability to pay the court-appointed-counsel fees.

**Court-appointed-counsel fees cannot be imposed as a part of a defendant's sentence**

{¶ 31} The next question we posed to the parties was whether the court-appointed-counsel fees could be imposed at sentencing and included as a part of the defendant's sentence in the judgment of conviction.

{¶ 32} The statute is silent as to when a court is to impose court-appointed counsel fees. However, the language used by the General Assembly in R.C. 2941.51 and in related statutes leads us to conclude that while the fees may be imposed at sentencing, the fees cannot be *included* as a part of the defendant's sentence, and should instead be imposed in a separate entry. *See Galion v. Martin*, 3d Dist. Crawford No. 3-91-6, 1991 WL 261835, *5 (Dec. 12, 1991) (the court must enter a separate civil judgment for the attorney fees that the court finds the defendant has the ability to repay); *State v. Ramsey*, 3d Dist. Marion No. 9-10-55, 2012-Ohio-134, ¶ 22 (same); *State v. Cole*, 6th Dist. Lucas No. L-03-1162, 2005-Ohio-408, ¶ 28 (same); *State v. Crenshaw*, 145 Ohio App.3d 86, 90-91, 761 N.E.2d 1121 (8th Dist.2001) (R.C. 2941.51 does not authorize the assessment of attorney fees as a part of a defendant's sentence and so the court must enter a separate civil

judgment for the fees that the court finds the defendant has the ability to pay); *State v. Warner*, 9th Dist. Lorain No. 96CA006534, 2001 WL 1155698, *3-4 (Sept. 21, 2001).

{¶ 33} R.C. 2941.51(D) requires a "person represented" by court-appointed counsel to pay the fees of counsel if that person has, or reasonably may be expected to have, the ability to pay some part of the costs of the services rendered. The use of this broad language leads us to conclude that a court's authority to assess court-appointed-counsel fees does not apply only to convicted people but applies to any person who is represented by court-appointed counsel, regardless of the disposition of that person's case. Thus, while sentencing certainly is the time during which the trial court likely has the most information about a defendant's finances and other circumstances, because the statute is not limited to convicted persons, it cannot be the *only* time that such a fee is assessed.

{¶ 34} The General Assembly has also been quite clear that court-appointed-counsel fees are not to be assessed as a part of the defendant's sentence. First, R.C. 2941.51 explicitly states that court-appointed-counsel fees shall not be taxed as costs, which are required under R.C. 2947.23 to be included as a part of the defendant's sentence.

{¶ 35} Second, the General Assembly has specifically required courts to include financial sanctions, fines, and court costs as a part of the defendant's sentence. *See* R.C. 2929.18 (financial sanctions are imposed as a part of an offender's sentence); 2947.14(A) (fines are imposed as a part of the sentence); 2947.23 (the costs of prosecution, including costs under R.C. 2947.231, shall be included in the sentence). But in contrast, in enacting R.C. 2941.51, the General Assembly was silent as to when the trial court can order the defendant to pay court-appointed-counsel fees. Trial courts may impose only sentences that are provided for by statute. *See State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 13 ("[j]udges must impose only those sentences provided for by statute");

*State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 23-24. We "cannot generally add a requirement that does not exist in the Constitution or a statute." *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 45. Therefore, because there is no statutory authority allowing a trial court to "sentence" a defendant to pay court-appointed-counsel fees, such an order cannot be included as a part of the defendant's sentence.

{¶ 36} Our conclusion is also supported by R.C. 2949.111. When the General Assembly listed the priority of assignments for all a defendant's financial obligations in R.C. 2949.111, it omitted court-appointed-counsel fees from that list but included those obligations that are required to be included in a sentence by statute. The General Assembly's exclusion of court-appointed-counsel fees from R.C. 2949.111 implies that those fees are not to be included in a defendant's sentence. *See State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998) ("[u]nder the general rule of statutory construction *expressio unius est exclusio alterius*, the expression of one or more items of a class implies that those not identified are to be excluded"); *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 129 (Fischer, J., dissenting).

{¶ 37} Therefore, we conclude that while such fees may be assessed at the sentencing hearing, they cannot be included as a part of the offender's sentence. Though, if the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence. To avoid confusion, the best practice would be to include the order in a separate entry, apart from the sentence.

{¶ 38} In this case, the trial court appropriately assessed the fees at the sentencing hearing but improperly listed the fees as "financial obligations" and as "reimbursement" in the sentencing entry. The court-appointed-counsel fees are not

"reimbursement" in the criminal context, as reimbursement refers to "costs." *See* R.C. 2929.18(A)(5)(a) ("financial sanction may include reimbursement by the offender of any or all of the *costs* incurred by the government" [emphasis added]); 2949.111 (reimbursement means "any reimbursement for the *costs* of confinement * * *, any supervision fee, any fee for the *costs* of house arrest with electronic monitoring * * *, the *costs* of an investigation or prosecution that the court orders an offender to pay * * *, or any other *costs* that the court orders an offender to pay" [emphasis added]); 2925.511 (reimbursement for the *costs* of a positive drug test). R.C. 2941.51 plainly states that court-appointed-counsel fees shall not be assessed as costs. Therefore, the inclusion of those fees in the financial-obligations section and the recoupment section was error. We vacate the portion of the sentencing entry imposing court-appointed-counsel fees upon Taylor. There is no need to resentence Taylor because, as explained above, the fee order was not lawfully part of his sentence. We express no opinion on whether a new order imposing court-appointed-counsel fees on Taylor may be entered in accordance with this opinion and other applicable law.

## CONCLUSION

{¶ 39} We answer the certified-conflict question in the negative and hold that a trial court need not make explicit findings prior to assessing court-appointed-counsel fees upon a person who received representation. We determine that the trial court may assess those fees at sentencing but cannot include the fees as a part of the defendant's sentence. We reverse the judgment of the Second District Court of Appeals and vacate the portion of the sentencing entry imposing court-appointed-counsel fees upon Taylor.

Judgment reversed
and trial-court order vacated in part.

O'CONNOR, C.J., and FRENCH, J., concur.

13

DEWINE, J., concurs in part and dissents in part, with an opinion joined by KENNEDY, J.

DONNELLY, J., concurs in part and dissents in part, with an opinion joined by STEWART, J.

_____

**DEWINE, J., concurring in part and dissenting in part.**

{¶ 40} I agree that the court-appointed-counsel fees imposed upon Robert Taylor were improperly included as part of the costs of the criminal prosecution, so I concur in this court's judgment reversing the judgment of the Second District Court of Appeals and vacating the portion of the trial court's sentencing entry that includes the court-appointed-counsel fees. But I see no reason to leave the trial court in limbo about what it should do.

{¶ 41} Taylor did not object to the trial court's imposition of the appointed-counsel fees, so he has forfeited any claim that the trial court abused its discretion in assessing those fees. And because the fee order is civil in nature, he is not entitled to plain-error review.[1] *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997) (plain-error review is disfavored with respect to civil matters and should be invoked in only "the *extremely rare* case involving *exceptional* circumstances" in which the error calls into question "the legitimacy of the underlying judicial process itself" [emphasis in original]). I would therefore remand the case to the trial court for it to issue a separate entry imposing the fees. I respectfully dissent from that part of this court's judgment that does otherwise.

KENNEDY, J., concurs in the foregoing opinion.

_____

1. Taylor also asserted in the court of appeals that his trial counsel was ineffective for failing to object to the fee order. As I have previously written, the Sixth Amendment right to counsel does not apply to civil matters. *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 39 (DeWine, J., dissenting). Thus, Taylor can allege no violation of his constitutional right to the effective assistance of counsel with respect to the fee order.

**DONNELLY, J., concurring in part and dissenting in part.**

{¶ 42} I concur in the court's judgment to the extent that it reverses the judgment of the Second District Court of Appeals and vacates the trial court's assessment of appointed-counsel fees against appellee, Robert Taylor. But the trial court's order assessing those fees—to the extent that it is authorized or reviewable at all—is plainly erroneous. The fee order should be vacated outright on the merits, leaving the trial court with no opportunity to reassess appointed-counsel fees.

{¶ 43} A few things need to happen before an indigent criminal defendant "shall pay the county" for appointed-counsel fees pursuant to R.C. 2941.51(D). The criminal proceedings need to come to an end, the defendant's appointed counsel needs to submit a request for appointed-counsel fees, and the court needs to approve those fees. R.C. 2941.51(A). The court then needs to certify those fees and other expenses to the county auditor, and the auditor needs to issue a warrant on the county treasurer for the amount certified. R.C. 2941.51(E). After the county treasurer pays the warrant pursuant to its obligation under R.C. 2941.51(D), *then* the county would be due repayment in "an amount that the [defendant] reasonably can be expected to pay," R.C. 2941.51(D).

{¶ 44} I am not convinced that at the time of a criminal defendant's sentencing hearing, the trial court has the authority to do more than notify the defendant that the county might send a bill later to recoup some of the appointed-counsel fees that the county paid to defense counsel. Nothing in the Revised Code explicitly grants trial courts the authority to assess appointed-counsel fees as part of a criminal case. And it is telling that when the General Assembly has wanted to grant such authority for other financial assessments in a criminal case, it has done so explicitly. *See* R.C. 2929.18(A) (trial courts expressly authorized to impose financial sanctions upon offenders convicted of felony offenses); R.C. 2947.23(A)(1)(a) (trial courts expressly authorized to impose court costs as part of an offender's sentence); R.C. 120.36(A) (trial courts expressly authorized to assess

a $25 fee for applications for a public defender or appointed counsel). It is also telling that the General Assembly explicitly empowered the *commission* to regulate the assessment of appointed-counsel fees in R.C. 120.03(B)(6). This grant of authority to the commission indicates to me that recoupment is ministerial or administrative in character, not judicial.

{¶ 45} Although the lead opinion finds implied authority for trial courts to impose appointed-counsel fees in R.C. 120.36(C), I find none. R.C. 120.36(C) states:

> The application fee assessed pursuant to division (A) of this section is separate from and in addition to any other amount assessed against a person who is found to be able to contribute toward the cost of the person's legal representation pursuant to division (D) of section 2941.51 of the Revised Code.

By its plain terms, R.C. 120.36(C) simply explains the separate nature of the assessments that might be applicable pursuant to R.C. 120.36(A) and 2941.51(D); it does not set the standards for imposing either of the assessments, nor does it state that the two statutory provisions operate under the same standards. R.C. 120.36(C)'s reference to "any other amount assessed" is nothing more than an acknowledgement that there may be other amounts assessed against the defendant beyond the $25 application fee. It in no way suggests what person or entity is entitled to assess or impose those other amounts.

{¶ 46} But assuming for the sake of argument that a trial court does have the authority at the time of sentencing to enter a civil money judgment against the defendant and in favor of the county for fees the county has not yet paid, the judgment would need to comply with the county's appointed-counsel-fee-recoupment program, which in turn must comply with the standards promulgated

16

by the Ohio Public Defender Commission and the Ohio Public Defender pursuant to R.C. 120.03 and 120.04. *See* R.C. 2941.51(F).

{¶ 47} Pursuant to R.C. 120.03(B)(1) and (6), the commission is in charge of establishing "[s]tandards of indigency" and "[p]rocedures for the assessment and collection of the costs of legal representation that is provided by public defenders or appointed counsel." The commission's standards for "reimbursement, recoupment, contribution, [and] partial payment program[s]" are found in Ohio Adm.Code 120-1-05.

{¶ 48} The commission makes Ohio's individual counties responsible for developing their own recoupment programs "to recover a portion of the expense of appointing counsel to a person whose gross income exceeds one hundred twenty five per cent of the federal poverty level or to a child whose parents' gross income exceeds one hundred twenty five per cent of the federal poverty level." *Id*. Although counties are free to create their own procedures for the assessment and collection of appointed-counsel fees, the rules must be in line with the standards in Ohio Adm.Code 120-1-05,[2] and the recoupment programs must be approved by the Ohio Public Defender.

{¶ 49} Guidelines published by the Ohio Public Defender indicate that counties are allowed to involve trial-court judges and the county clerk of courts in the process of assessing and collecting fees from criminal defendants. *See Office of the Ohio Public Defender County Indigent Fee/Cost Recoupment Programs*, https://opd.ohio.gov/static/County+Resources/Recoupment/rm_recoupment_no+guidelines.pdf (accessed Oct. 26, 2020) [https://perma.cc/9S74-3D7V]. The guidelines do not, however, indicate that counties are *required* to do so. It is

---

2. For instance, the recoupment program shall not "[j]eopardize the quality of defense," "[r]equire or include direct payments from the applicant to the appointed counsel," or "[a]ssess amounts that the person cannot reasonably be expected to pay without hardship." *See* Ohio Adm.Code 120-1-05(A), (B), and (F).

therefore possible that the recoupment program for a given county might not involve fee assessment by a trial-court judge.

{¶ 50} Additionally, the Ohio Public Defender's guidelines indicate that counties should set a standard payment system when developing a recoupment program, with the following examples given: (1) a flat fee, under which the defendant would be charged a fixed nominal amount, such as $75, and (2) a sliding-scale fee, under which the defendant would pay based on the offense(s) charged, such as $100 for a felony and $50 for a misdemeanor. *Id.* As a result of the discretion afforded to individual counties in setting their fee schedules, the amount that a criminal defendant may reasonably be expected to pay will vary by location.

{¶ 51} Given the foregoing examples of the ways in which the recoupment rules of each county could vary, we would need to know the local recoupment rules enacted by Montgomery County in order to know whether, when, and how the trial court may assess appointed-counsel fees against a criminal defendant. Montgomery County's recoupment program is not a published document and is not currently available on legal databases or local government websites. We do not know if the trial court is the proper entity, if a criminal sentencing hearing is the proper time, or if $130 is the proper amount to assess against a defendant in Taylor's circumstances.

{¶ 52} Although we do not know the specifics of Montgomery County's recoupment program, as noted above, we do know that it must comply with certain general requirements and prohibitions set out in Ohio Adm.Code 120-1-05(A) through (G). One such prohibition bars the collection of appointed-counsel fees from any defendant whose gross income is at or below 125 percent of the federal poverty level. Ohio Adm.Code 120-1-05(C). The only information in the record regarding Taylor's income is from the presentence-investigation report, and it indicates that he has not been regularly employed since the 1990s and his only financial support is $683 per month in Social Security Disability Insurance

("SSDI") payments. At the time of Taylor's criminal sentencing decision, the individual poverty level was $12,060. Annual Update of the Health and Human Services Poverty Guidelines, 82 Fed.Reg. 8831-8832 (Jan. 31, 2017). A gross income of approximately $8,196 per year in SSDI support is well below the poverty line, let alone the 125 percent mark. Although the trial court may or may not have had the discretion to assess appointed-counsel fees under different circumstances, it was prohibited from assessing those fees in this case.

{¶ 53} I agree with the lead opinion that R.C. 2941.51(D) does not contain a rule that trial courts must make explicit findings as a procedural prerequisite to assessing appointed-counsel fees. But the lack of clear guidance in R.C. 2941.51(D) does not turn recoupment into an "anything goes" type of process. Nor does the failure of local governments to make their rules readily accessible to criminal defendants and reviewing courts. To the extent that it is possible to review the judgment ordering Taylor to pay $130 toward the cost of his appointed counsel, the judgment is erroneous. The error cannot be cured by placing the order elsewhere in a criminal sentencing entry or in a standalone entry. Accordingly, I would vacate the order to pay appointed-counsel fees on the merits and leave no room for the possibility of a new fee order.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Sarah E. Hutnik and Andrew T. French, Assistant Prosecuting Attorneys, for appellant.

Marshall G. Lachman, for appellee.

Timothy Young, Ohio Public Defender, urging affirmance for amicus curiae Office of the Ohio Public Defender.

_____