[Cite as *State v. Freeman*, 2023-Ohio-3102.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO            C.A. No.       23CA011952

    Appellee

    v.                         APPEAL FROM JUDGMENT
                                    ENTERED IN THE
HOUSTON FREEMAN             COURT OF COMMON PLEAS
                                    COUNTY OF LORAIN, OHIO
    Appellant                CASE No.      20CR102692

## DECISION AND JOURNAL ENTRY

Dated: September 5, 2023

---

FLAGG LANZINGER, Judge.

{¶1} Houston Freeman appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Mr. Freeman on three counts of endangering children, all of which were third-degree felonies. The trial court determined that Mr. Freeman was indigent and appointed him an attorney. Mr. Freeman initially pleaded not guilty but later changed his plea to guilty. The trial court ordered a pre-sentence investigation report ("PSI") and set the matter for sentencing.

{¶3} On July 21, 2022, prior to sentencing, Mr. Freeman's attorney filed a motion for extraordinary fees, requesting $290.00 above the cap of $2,500.00 for his work on the case. While that motion remained pending, the trial court held a sentencing hearing on July 25, 2022. At the hearing, the trial court sentenced Mr. Freeman to "a term of probation under basic supervision for

two years" and a 6-month jail term. The trial court also found that Mr. Freeman is "able-bodied" and "employed, so he will pay courts costs and attorney fees." The trial court memorialized its sentence in a sentencing entry that same day.

{¶4} Relevant to this appeal, in its sentencing entry, the trial court found that Mr. Freeman "has, or reasonably may be expected to have, the means to pay attorney fees." The trial court, therefore, ordered Mr. Freeman to "pay the total cost of court appointed counsel fees." The sentencing entry specifically states that "[p]ursuant to the decision in State v. Taylor, Slip Opinion No. 2020-Ohio-6786 this fee is civil in nature and not part of the criminal sentence imposed for the offense(s) in this case."

{¶5} On August 3, 2022, after the sentencing hearing, the trial court denied Mr. Freeman's attorney's motion for extraordinary fees.[1] On August 8, 2022, the trial court issued a judgment entry stating:

> Defendant having been ordered to reimburse court appointed attorney fees, the Court finds that the court appointed attorney fees are $2,500.00[.] Defendant is to pay said amount to the Lorain County Clerks of Courts. The Lorain County Clerks of Courts shall pay said funds to the Lorain County Treasurer.

{¶6} Mr. Freeman now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE IMPOSITION OF ATTORNEYS FEES IS CONTRARY TO LAW BECAUSE THE TRIAL COURT CANNOT ORDER ATTORNEY FEES AS PART OF A SENTENCE, LORAIN COUNTY DOES NOT EMPLOY A RECOUPMENT PROGRAM, AND THE COURT COULD NOT FIND THAT FREEMAN HAD THE ABILITY TO PAY WHEN IT DID NOT KNOW WHAT THE FEES WERE AT THE TIME IT ORDERED THEM.

---

[1] The record reflects that the trial court also issued a second judgment entry on August 8, 2022, denying the motion for extraordinary fees. This judgment entry appears to be duplicative.

**{¶7}** In his sole assignment of error, Mr. Freeman argues that the imposition of attorney fees in his criminal sentence is contrary to law for three reasons. First, Mr. Freeman argues that the imposition of attorney fees is contrary to law because, under the Ohio Supreme Court's decision in *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, a trial court cannot impose court-appointed-counsel fees as part of a defendant's criminal sentence. Second, Mr. Freeman argues that the imposition of attorney fees is contrary to law because, at the time of his sentencing, Lorain County did not have a recoupment program in place for purposes of assessing court-appointed-counsel fees, which is required under the Ohio Administrative Code. Third, Mr. Freeman argues that the imposition of attorney fees is contrary to law because the trial court erroneously determined that he has the ability to pay court-appointed-counsel fees. In support of this argument, Mr. Freeman argues that the trial court erred because it: (1) did not know or indicate the amount of the fees he owed at sentencing; and (2) based its decision on his ability to pay solely on the fact that he is able-bodied and employed. For the following reasons, this Court disagrees.

**{¶8}** In *Taylor*, the Ohio Supreme Court acknowledged that "the trial court in a criminal case has the authority [under R.C. 2941.51 and R.C. 120.36(C)] to impose court-appointed-counsel fees upon a defendant." *Taylor*, 2020-Ohio-6786, at ¶ 24. That said, "an order for payment of court-appointed-counsel fees cannot be included as a part of the defendant's sentence for a criminal conviction." *Id.* at ¶ 2. The Ohio Supreme Court advised that, "[a]lthough those fees may be ordered at the time of sentencing and may be listed separately in the sentencing entry as a civil matter, the best practice is to include such fees in a separate entry." *Id.*; *id.* at ¶ 32 ("[W]hile the fees may be imposed at sentencing, the fees cannot be *included* as a part of the defendant's sentence, and should instead be imposed in a separate entry.") (Emphasis sic.). Later in its opinion, the Court explained that "if the assessment of the fees is included in the sentencing entry, the court

must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence." *Id.* at ¶ 37.

{¶9} In its merit brief, the State concedes that the trial court erred by imposing court-appointed-counsel fees as part of Mr. Freeman's sentence. The State asserts that, under *Taylor*, the inclusion of an order to repay court-appointed-counsel fees in a sentencing entry, "without denoting that the award is civil in nature, was erroneous." The State then asserts that the proper remedy is to vacate the order to repay court-appointed-counsel fees in the trial court's sentencing entry. The problem with the State's concession, however, is that the sentencing entry *does* denote that the award is civil in nature. Not only does it denote that the award is civil in nature, it expressly cites *Taylor*. The State's concession, therefore, is based upon an erroneous review of the record and does not affect this Court's analysis.

{¶10} Despite Mr. Freeman's arguments to the contrary, the record indicates that the trial court did not impose court-appointed-counsel fees as part of Mr. Freeman's sentence. The imposition of court-appointed-counsel fees in the trial court's sentencing entry appears to be under the main heading "Court Costs and Financial Sanctions" and–while formatted differently than other language–under the sub-heading "Court Appointed Counsel Fee Reimbursement[.]" The Ohio Supreme Court in *Taylor*, however, stated that court-appointed-counsel fees are not properly captioned as costs or reimbursement. *Taylor*, 2020-Ohio-6786, at ¶ 38; *see* R.C. 2941.51(D) (providing that fees "shall not be taxed as part of the costs"). Notwithstanding any erroneous captions, the trial court's imposition of court-appointed-counsel fees satisfies *Taylor* because the sentencing entry specifically states: "[p]ursuant to the decision in State v. Taylor, Slip Opinion No. 2020-Ohio-6786 this fee is civil in nature and not part of the criminal sentence imposed for the offense(s) in this case." *Taylor* at ¶ 37 ("[I]f the assessment of the fees is included in the

sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence."). Because the court-appointed-counsel fees are not a part of Mr. Freeman's sentence, his argument that they render his sentence contrary to law lacks merit.

{¶11} Next, Mr. Freeman's argument regarding Lorain County's lack of a recoupment program at the time the trial court imposed court-appointed-counsel fees also lacks merit. *Taylor* made clear that "the trial court in a criminal case has the authority [under R.C. 2941.51 and R.C. 120.36(C)] to impose court-appointed-counsel fees upon a defendant." *Taylor*, 2020-Ohio-6786, ¶ 24. Thus, whether Lorain County had a recoupment program at the time the trial court imposed the fees does not affect whether the trial court had the authority to impose such fees.

{¶12} Regarding Mr. Freeman's argument that the trial court did not know the amount of fees at sentencing, the record indicates that the trial court was aware of the amount of court-appointed-counsel fees at the time it sentenced Mr. Freeman because Mr. Freeman's counsel had filed a motion for extraordinary fees, which indicated the amount of fees sought. Mr. Freeman's argument that the trial court did not know the amount of the fees at the time it imposed them, therefore, lacks merit. Additionally, while not included in the sentencing entry, the trial court subsequently issued a judgment entry ordering Mr. Freeman to pay $2,500.00 in court-appointed-counsel fees.

{¶13} Lastly, Mr. Freeman's argument that the trial court erroneously determined that he has the ability pay court-appointed-counsel fees lacks merit. R.C. 2941.51(D) provides that "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." In *Taylor*, the Ohio Supreme Court held that a trial

court is not required to make explicit findings prior to assessing court-appointed-counsel fees against a defendant. *Taylor*, 2020-Ohio-6786, at ¶ 28. It advised, however, that "making such findings explicitly on the record is the best practice." *Id.* Subsequent appellate court decisions have held that, although a trial court is not required to make explicit findings, "a finding of a defendant's ability to pay 'must be supported by clear and convincing evidence in the record.'" *State v. Velesquez*, 6th Dist. Lucas No. L-22-1167, 2023-Ohio-1100, ¶ 10, quoting *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14. This can include evidence contained in a PSI regarding the defendant's financial, educational, and vocational background. *See State v. Ivey*, 6th Dist. Lucas No. L-19-1243, 2021-Ohio-2138, ¶ 8 ("The trial court's indication that it reviewed a PSI that includes information on the defendant's financial, educational, and vocational background is sufficient to support the trial court's imposition of discretionary costs."); *State v. Phillips*, 2d Dist. Montgomery No. 29087, 2022-Ohio-1262, ¶ 26 ("[T]he PSI contained information pertaining to [the defendant's] present and future ability to pay financial sanctions. Therefore, by considering the contents of the PSI, we can infer that the trial court fulfilled its duty to consider [the defendant's] present and future ability to pay the $250 supervision fee.").

{¶14} Here, the record indicates that the trial court reviewed the PSI and considered the fact that Mr. Freeman was able-bodied and presently employed. The PSI included information about Mr. Freeman's financial, educational, and employment background. Mr. Freeman's argument ignores the fact that the trial court considered the PSI and does not explain how the information contained within the PSI undermines the trial court's determination that he has the ability to pay court-appointed-counsel fees. Having reviewed the record, this Court concludes that clear and convincing evidence supports the trial court's determination that Mr. Freeman has the ability to pay court-appointed-counsel fees. *See Ivey* at ¶ 8; *Phillips* at ¶ 26.

**{¶15}** In light of the foregoing, Mr. Freeman's assignment of error is overruled.

III.

**{¶16}** Mr. Freeman's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

GIOVANNA BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.