[Cite as *State v. Ping*, 2023-Ohio-4608.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,                                          CASE NO. 10-23-04

     PLAINTIFF-APPELLEE,

  v.

THOMAS E. PING,                                          **O P I N I O N**

     DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 21-CRM-104

**Judgment Affirmed in part and Reversed in part**

**Date of Decision:  December 18, 2023**

APPEARANCES:

    *Thomas J. Lucente Jr.*  for Appellant

    *Erin M. Minor* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Thomas E. Ping ("Ping"), appeals the June 8, 2023 judgment of the Mercer County Court of Common Pleas sentencing Ping to prison following a community control violation and ordering that Ping pay court-appointed attorney fees. For the reasons that follow, we affirm in part and reverse in part.

*Facts and Procedural History*

{¶2} This case originated on August 19, 2021, when the Mercer County Grand Jury returned a three-count indictment against Ping, charging him as follows: Count 1 – Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a); Count 2 – Illegal Use or Possession of Drug Paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1) and (F)(1); and Count 3 – Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility, a third-degree felony in violation of R.C. 2921.36(A)(2) and (G)(2).

{¶3} Ping had an initial appearance on January 12, 2022, at which time the trial court found Ping to be indigent and appointed counsel to represent him.

{¶4} On January 19, 2022, the case was resolved at arraignment with a negotiated plea of guilty. Specifically, Ping pled guilty to Count 3 of the indictment

and, in exchange, the prosecution dismissed Counts 1 and 2. The trial court accepted the guilty plea and ordered a presentence investigation.

{¶5} On February 16, 2022, a sentencing hearing was held and Ping was sentenced to a five-year term of community control.

{¶6} On February 25, 2022, the trial court filed its judgment entry of sentencing. At the conclusion of that entry, the trial court ordered, "Costs and assigned counsel fees are assessed against the Defendant." (Docket No. 48).

{¶7} No appeal was taken from that initial judgment of conviction and sentence.

{¶8} On April 27, 2023, Ping's probation officer filed a notice of failure to comply with community control sanctions, alleging that Ping had violated the terms of his community control by testing positive for methamphetamine and amphetamine.

{¶9} On April 28, 2023, Ping had an initial appearance in the community control violation action. The trial court again found Ping to be indigent and ordered that counsel be appointed.

{¶10} On May 23, 2023, a hearing was held on the alleged violation of community control. At that time, Ping admitted the violation.

{¶11} On June 6, 2023, a dispositional hearing was held on the community control violation. The trial court found that Ping was not amenable to community

control, revoked the community control, and sentenced Ping to a term of 24 months in prison.

{¶12} On June 8, 2023, the trial court filed an entry journalizing the community control revocation and the new sentencing order. At the conclusion of that entry, the trial court ordered that "Court costs and assigned counsel fees are assessed against the offender." (Docket No. 77).

{¶13} On June 27, 2023, Ping filed the instant appeal, in which he raises three assignments of error.

**First Assignment of Error**

**The trial court erred when it ordered the payment of court-appointed counsel fees.**

**Second Assignment of Error**

**The trial court erred when it ordered the payment of court-appointed counsel fees as part of Appellant's sentence.**

**Third Assignment of Error**

**Defendant was denied the effective assistance of counsel as required by the Sixth Amendment to the U.S. Constitution.**

*First Assignment of Error*

{¶14} In the first assignment of error, Ping asserts that it was error for the trial court to order him to pay the costs of his court-appointed counsel in the absence of evidence establishing Ping's ability to pay.

{¶15} R.C. 2941.51 governs counsel for indigents in criminal cases. In relevant part, R.C. 2941.51(A) provides, "[c]ounsel appointed to a case * * * shall be paid for their services by the county the compensation and expenses that the trial court approves."

R.C. 2941.51(D) then provides:

**The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. * * ***

{¶16} In the instant appeal, Ping asserts that information presented at earlier proceedings in the case established that he was indigent and did not have the ability to pay the costs of his court-appointed counsel as ordered by the trial court as part of the June 8, 2023 judgment of sentencing in the community control violation proceedings.

{¶17} The record reflects that no inquiry relating to Ping's financial status took place on the record at the June 6, 2023 dispositional hearing in the community control revocation proceedings. Then, as noted above, the June 8, 2023 judgment entry merely provides, as to that issue, "[c]ourt costs and assigned counsel fees are assessed against the offender." (Docket No. 77).

{¶18} The issue raised here by Ping was addressed by the Supreme Court of Ohio in *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786. In *Taylor*, the Ohio

Supreme Court held that, "under R.C. 2941.51(D), a trial court in a criminal case may assess court-appointed counsel fees against a defendant without making specific findings on the record to justify the fee assessment." *Taylor*, *supra*, at ¶ 2. The Supreme Court of Ohio did go on to note, "[w]e recognize, however, that the best practice is for the trial court to articulate its findings on the record for the benefit of the parties and to allow for more meaningful appellate review." *Id*.

{¶19} Here, while the trial court held no hearing at the time of the community control revocation proceedings and therefore did not articulate any findings relative to Ping's current or future ability to pay court-appointed counsel fees, the trial court was not technically required to do so, pursuant to *Taylor*. Additionally, while Ping argues that information in the record from prior trial court proceedings tended to establish that he had no ability to pay toward the cost of his court-appointed counsel, none of that prior information established that Ping lacked a future ability to pay, and future ability to pay also justifies an order of reimbursement pursuant to the terms of R.C. 2941.51(D), *supra*.

{¶20} The first assignment of error is overruled.

*Second Assignment of Error*

{¶21} In the second assignment of error, Ping argues that the trial court erred in ordering that the court-appointed attorney fees be assessed against Ping as part of his sentence, as costs in the case.

**{¶22}** As noted above, in *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, the Supreme Court of Ohio addressed what is required of a trial court under R.C. 2941.51(D) when ordering that a convicted criminal defendant reimburse a county for the cost of court-appointed counsel.

**{¶23}** In that same case, the Supreme Court of Ohio also specifically addressed whether court-appointed counsel fees may be imposed as part of a defendant's sentence. In so doing, the Supreme Court noted that R.C. 2941.51 plainly states that court-appointed counsel fees shall not be assessed as costs. *Taylor*, *supra*, at ¶ 34. The Supreme Court of Ohio then held that "while such fees may be assessed at the sentencing hearing, they cannot be included as a part of the offender's sentence." *Taylor*, at ¶ 37. As a point of clarification, the Supreme Court then held that "*if* the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed counsel fees is a civil assessment and it not part of the defendant's sentence." *Id*. (Emphasis added.)

**{¶24}** In the instant case, the trial court's judgment entry of sentencing relating to the community control revocation merely states, "Court costs and assigned counsel fees are assessed against the offender." (Docket No. 77). While the State of Ohio argues on appeal that this assessment of appointed counsel fees ordered by the trial court should be construed as a proper "civil assessment" pursuant to *Taylor*, we find that argument unpersuasive. The trial court's assessment of court-appointed counsel fees was made in a judgment entry imposing

sentence and, moreover, the order was placed in the same grammatical sentence as the order imposing court costs. Those facts suggest that the trial court intended to impose those attorney fees as part of Ping's sentence, as with the other costs in the case. More importantly, the trial court neglected to include any language indicating that the order relating to court-appointed counsel fees was a civil assessment and not part of the defendant's sentence, as required by *Taylor*.

{¶25} We therefore sustain the second assignment of error and vacate the portion of the June 8, 2023 entry imposing court-appointed counsel fees against Ping.[1]

*Third Assignment of Error*

{¶26} In the third assignment of error, Ping asserts that he was deprived of the effective assistance of counsel in the trial court.

{¶27} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, a defendant must establish that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of

---

[1] We note that our decision and order here relate only to the assessment of court-appointed counsel fees stemming from the community control revocation proceeding. As part of the initial February 16, 2022 sentencing in the case, the trial court also ordered that court-appointed counsel costs be paid by Ping. However, as no direct appeal was taken from that original judgment of sentencing, any attempt to challenge the validity of that prior order is now barred by res judicata. See, *e.g.*, *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus, citing *Strickland*. Prejudice exists if there is "a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138, citing *Strickland*.

{¶28} In this case, Ping argues that he was denied the effective assistance of counsel when his attorney failed to object to the trial court's order that Ping repay to the county the costs associated with court-appointed counsel. In his merit brief, Ping presents no further analysis of his claim beyond that general assertion.

{¶29} Nevertheless, to the extent that Ping's ineffective assistance of counsel claim relates to the claim of error raised by Ping in the first assignment of error, *supra*, we have concluded that Ping did not demonstrate error as to that issue and therefore Ping has not established that his counsel was ineffective in that regard. To the extent that Ping's ineffective assistance of counsel claim relates to the claim of error raised by Ping in the second assignment of error, *supra*, we find that the ineffective assistance of counsel claim is rendered moot in light of our disposition of the second assignment of error.

{¶30} The third assignment of error is therefore overruled in part and rendered moot in part.

*Conclusion*

**{¶31}** For the foregoing reasons, the judgment of the Mercer County Court

of Common Pleas is affirmed in part and reversed in part.

***Judgment Affirmed in Part***
***and Reversed in Part***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/eks**