THE STATE OF OHIO, APPELLANT, *v.*
BUCKEYE ELECTRIC COMPANY, APPELLEE.

[Cite as State *v.* Buckeye Electric Co. (1984), 12 Ohio St. 3d 252.]

(No. 83-1927—Decided August 1, 1984.)

*Mr. John F. Holcomb,* prosecuting attorney, and *Mr. Jack F. Grove,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Robert E. Portune* and *Mr. Thomas H. Pyper,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Simon B. Karas,* urging reversal for *amicus curiae,* Ohio Attorney General.

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey, Mr. N. Victor Goodman* and *Mr. John J. Duffey,* urging reversal for *amici curiae,* Ohio State Building and Construction Trades Council, Butler County Building Trades Council and International Brotherhood of Electrical Workers, Local Union 648, AFL-CIO, Hamilton County.

*Mr. Lynn C. Slaby,* prosecuting attorney, urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys' Association.

J. P. CELEBREZZE, J. The issue presented by this appeal is whether the Department of Industrial Relations ("department") has exclusive primary authority to enforce the provisions of R.C. 4115.03 to 4115.16 or whether the

prosecuting attorney has independent authority to prosecute criminal violations of the prevailing wage statutes. This question turns on whether various provisions of R.C. Title 41 operate as an implied partial repeal of the statutory authority of the prosecutor to bring criminal proceedings on behalf of the state. We find no such repeal and therefore hold that the prosecuting attorney has independent authority to prosecute criminal violations of R.C. 4115.03 to 4115.16. Accordingly, we reverse and remand to the trial court for further proceedings.

R.C. 309.08, which empowers the prosecuting attorney to bring criminal actions, provides in part:

"The prosecuting attorney may inquire into the commission of crimes within the county and shall prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party * * *."

R.C. 4115.99 is a criminal statute.[1] As such, its enforcement comes within the authority of the prosecutor, unless otherwise provided.

R.C. 4115.10(E) empowers the department to "enforce sections 4115.03 to 4115.16 of the Revised Code." Included within the specified sections are those which provide for the civil and administrative procedures for securing compliance with the prevailing wage laws. Noticeable by its absence is R.C. 4115.99, the criminal penalty section. Nevertheless, appellee maintains that the provisions of R.C. 4115.03 to 4115.16 manifest a legislative intent that the department have exclusive primary authority over all the prevailing wage statutes and, in addition, that criminal sanctions are to be sought only after the unsuccessful exhaustion of administrative remedies, and then only upon the request of the Director of Industrial Relations.

R.C. 4115.03 to 4115.16 set forth requirements relating to the payment of the prevailing wage on public works projects, and also provide a comprehensive framework for securing compliance with such provisions. R.C. 4115.032, 4115.071(D), 4115.14 and 4115.15 relate to the authority of the department to take action to secure compliance with the prevailing wage laws. R.C. 4115.10 and 4115.13 relate to the authority of the department to bring actions to obtain compensation for employees who were paid less than the prevailing wage. R.C. 4115.16 provides a procedure whereby certain adversely affected parties may institute proceedings to secure compliance and compensation when the department has failed to take appropriate action. The foregoing sections provide a comprehensive and uniform system under which the department is initially responsible for securing compliance and compensation through administrative and civil proceedings.

We do not believe, however, that the express provision of a central role

---

[1] R.C. 4115.99 provides:

"(A)  Whoever violates section 4115.08 or 4115.09 of the Revised Code shall be fined not less than twenty-five nor more than five hundred dollars.

"(B)  Whoever violates division (C) of section 4115.071, section 4115.10, or 4115.11 of the Revised Code is guilty of a misdemeanor of the second degree for a first offense; for each subsequent offense such person is guilty of a misdemeanor of the first degree."

for the department in civil proceedings necessarily implies exclusive authority over criminal proceedings as well. A comprehensive system of administrative remedies for the purpose of securing compensation or future compliance is not inconsistent with the existence of a separate and independent remedy for the separate purpose of punishing criminal violations. If the legislature had intended to grant exclusive primary authority to the department to enforce the criminal provisions, it would have so stated.[2]

Accordingly, we hold that the prosecuting attorney has authority to prosecute criminal violations of R.C. 4115.03 to 4115.16 independent of the civil investigative and enforcement jurisdiction of the Department of Industrial Relations.[3]

For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

W. BROWN and HOLMES, JJ., concur separately.

LOCHER, J., dissents.

---

[2] Appellee also finds support for its proposition in two sections of the enabling legislation for the department, R.C. Chapter 4101. The first, R.C. 4101.02, provides in part:
"The department of industrial relations shall:
"* * *
"(B) Administer and enforce the general laws of this state * * * relating to the erection, repair, alteration, or painting of buildings and structures * * * and all other laws protecting the life, health, safety, and welfare of employees in employment * * *."
Assuming, *arguendo,* that this general grant of authority were to prevail over the specific grant of authority in R.C. 4115.10(E), and were applicable to the criminal penalty section, R.C. 4115.99, it would merely grant authority to the department concurrent with that granted to the prosecutor under R.C. 309.08. The prosecutor would still be possessed of independent authority to initiate criminal proceedings.
The second section cited by appellee, R.C. 4101.09, provides in part:
"Upon the request of the director, the attorney general or the prosecuting attorney in the county in which any investigation, hearing, or trial, had under sections 4101.01 to 4101.16, inclusive, of the Revised Code, and any of sections 4121.01 to 4121.29, inclusive, of the Revised Code, which are applicable, is pending, shall aid therein and prosecute, under the supervision of the department, all necessary actions or proceedings for the enforcement of such sections and all other laws of this state relating to the protection of life, health, safety, and welfare, and for the punishment of all violations thereof."
This section requires the prosecutor or Attorney General to bring an action when requested to do so by the department. It does not prohibit action by the prosecutor in the absence of a request by the department.

[3] Appellee also challenges the sufficiency of the summons. Appellant maintains that this defense was waived by failing to raise it in a timely manner. Neither of these contentions was raised before the trial court. Accordingly, appellate review would be inappropriate.

WILLIAM B. BROWN, J., concurring. The issue presented by this case is whether the prosecuting attorney has the authority to prosecute criminal violations of R.C. Chapter 4115 independently of administrative action by the Department of Industrial Relations.

The court of appeals concluded that the prosecutor could not bring an independent action. The complainant in this case was found not to be an interested party under the statute, thus not entitled to bring the action. The complainant also failed to follow the comprehensive procedures which entitled interested parties to allege violations of the prevailing wage laws. The court of appeals concluded that county prosecutors and private individuals may not undertake to enforce the provisions of R.C. Chapter 4115 upon their own initiative. I believe this to be an unnecessarily restrictive reading of the provisions of the relevant statutes.

A careful analysis of the statutory scheme reveals that the General Assembly has created two separate and independent methods of enforcing Ohio's prevailing wage laws. The criminal enforcement mechanism provided by R.C. 4115.99(B) is intended to punish for past violations. It states: "Whoever violates division (C) of section 4115.071, section 4115.10, or 4115.11 of the Revised Code is guilty of a misdemeanor of the second degree for a first offense; for each subsequent offense such person is guilty of a misdemeanor of the first degree." Thus, the legislature has specifically determined that violation of the two statutes in question in the present case, R.C. 4115.10 and 4115.071, is serious enough to be punished criminally. As a criminal law, R.C. 4115.99(B) is solely defined as an alternative to civil enforcement.

R.C. 309.08, the enabling statute for prosecuting attorneys, empowers them to pursue criminal behavior. It provides in relevant portion:

"The prosecuting attorney may inquire into the commission of crimes within the county and shall prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party * * *."

R.C. 2935.09 provides a means of initiating criminal prosecution on private complaints. It provides that a private citizen having knowledge of the facts can file an affidavit charging the offense committed with the prosecuting attorney. The statute applies to all criminal prosecutions and would not seem to be superseded by procedural criteria of an administrative scheme. This was the course that was allegedly undertaken in the present case.

In contrast, the legislature has provided an administrative and civil enforcement mechanism over which the Department of Industrial Relations has responsibility. This mechanism is intended to compel compliance through the use of civil sanctions. The court of appeals strongly relied on R.C. 4115.10(E) which states: "The department of industrial relations shall enforce sections 4115.03 to 4115.16 of the Revised Code," as demonstrating the intention to vest primary responsibility for enforcing the prevailing wage laws with the department. However, this statute does not include the criminal enforcement

provisions of R.C. 4115.99 since no reference is made thereto. The statutory sections included in this reference, R.C. 4115.03 to 4115.16, are specifically limited to administrative and civil enforcement. The remedies which are provided are private and include restitution of damages (R.C. 4115.13), which are payable to private persons, and injunctions (R.C. 4115.14). It should be noted that there is no statute barring a prosecuting attorney from filing criminal actions under R.C. 4115.99.

R.C. 4115.16 also provides an interested party mechanism, which too is a civil remedial procedure. As under R.C. 4115.10 (where an employee may file a complaint), the person who files the complaint becomes a party to the action as plaintiff. The relief is civil (the same as mentioned above) and goes to the private party. More importantly, R.C. 4115.16(C) specifically provides that the rules relating to civil actions govern actions under the interested party mechanism.

From this analysis of the responsibility of the department, it appears that these proceedings bear no relation to a criminal prosecution leading to criminal sanctions. Therefore, I would conclude that the lower courts erroneously made administrative and civil procedures a condition precedent to independent criminal prosecution for violation of certain sections of the prevailing wage laws and erroneously injected the concept of standing based on an "interested party" status.

The court of appeals also commented that the "summons in lieu of arrest without warrant" was improperly signed. However, I do not believe that this issue is ripe for determination by this court at this time. It can readily be resolved at trial on remand.

Lastly, it should be noted that the issue in this case is very similar to that in State v. Tipka (1984), 12 Ohio St. 3d 258. There, this court determined that a prosecuting attorney may independently prosecute an action under the authority of R.C. 1509.99 without the necessity of following the administrative procedures outlined in R.C. 1509.32. Our decision in the present case is, therefore, consistent with the holding in Tipka.

For the foregoing reasons, I concur in the syllabus and judgment reversing and remanding for further proceedings.

HOLMES, J., concurs in the foregoing concurring opinion.

LOCHER, J., dissenting. Because today's decision is detrimental to both labor and management interests, and contravenes the plain meaning of R.C. Chapter 4115, I feel compelled to dissent.

R.C. Chapter 4115 provides the framework for resolution of wage law violations. R.C. 4101.09 specifically provides that enforcement responsibility is first placed in the control of the Director of Industrial Relations who thereafter has the option of bringing in a prosecutor.

R.C. 4101.09 is specific and unambiguous: "Upon request of the director, the attorney general or the prosecuting attorney of the county in which any investigation, hearing, or trial * * * is pending, shall aid therein and pros-

ecute, *under the supervision of the department,* all necessary actions or proceedings for the enforcement of such sections * * *." (Emphasis added.)

Concurrent jurisdiction is not bestowed on prosecutors to independently initiate R.C. Chapter 4115 actions or proceedings. As a consequence I am left with the statutory mandate in following the plain meaning of the statute. See R.C. 1.42.

If R.C. 4101.09 were, *arguendo,* insufficiently clear with respect to the case *sub judice,* R.C. 4115.03(F) would be dispositive. Under R.C. Chapter 4115 interested parties may challenge prevailing wage law. An "interested party" is defined in R.C. 4115.03(F) as: (1) a person who bids on a public improvement contract, (2) a subcontractor of a bidder, (3) a labor organization representing the employees of a bidder or a subcontractor of a bidder, or (4) any organization with members who are subcontractors or bidders. Complainant herein is not within any of the aforementioned categories, nor is he an "employee" as defined under R.C. 4115.10.

Finally, if, *arguendo,* R.C. 4101.09 and 4115.03(F) were not dispositive of the issue at bar, R.C. 4115.16 provides the specific mechanism for filing complaints, with respect to R.C. 4115.03 to 4115.16, which compels the director to take action within sixty days or the interested party may then file a civil complaint in the court of common pleas. R.C. 4115.16(B). Once again complainant herein made no attempt to comply with the statute.

The legislature has established a framework to resolve wage law disputes administratively. As a result interested parties under the statute would go to the courts only as a last resort. Thus wage disputes can be handled expeditiously with a minimum of the problems occasioned by the loss of time and monetary resources associated with litigation. Criminal sanctions would only be applied, pursuant to R.C. 4115.99, as a last resort if the wage dispute could not otherwise be resolved, and only at the discretion of the director. To force already overworked prosecutors to take on the further burdens of R.C. Chapter 4115 actions, without the administrative screening envisioned by the statute, dramatically increases extant case load difficulties. Employers are now subject to criminal sanctions without being given the opportunity to correct misunderstandings or bureaucratic mixups informally and at minimal cost. Such additional costs to the employers of this state, including hiring extra attorneys to cope with potential litigation, may be a boon to attorneys but can only cost the citizens of this state more money in lost employers. The employee, however, receives absolutely no benefit by today's decision since he or she was already provided for under the statute and since administrative action will still be the easiest method for employees and/or interested parties to receive expeditious redress.

Clearly the majority position is detrimental to both labor and management while needlessly increasing the caseloads of public prosecutors (as well as the courts). Moreover, I cannot in good conscience reconcile appellant's arguments with the plain meaning of the statute. Accordingly, I would affirm the trial court and a unanimous court of appeals by dismissing the complaint herein.