THE STATE OF OHIO, APPELLANT, *v.* TIPKA ET AL., APPELLEES.

[Cite as State *v.* Tipka (1984), 12 Ohio St. 3d 258.]

(No. 83-793—Decided August 1, 1984.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Dominic J. Hanket,* for appellant.

*Byard Co., L.P.A., Ms. Patricia L. Byard, Lancione Law Offices Co., L.P.A.,* and *Mr. Richard L. Lancione,* for appellees.

J. P. CELEBREZZE, J. R.C. Chapter 1509 provides a number of duties and prohibitions regarding the operation of oil and gas wells and sets forth a variety of enforcement procedures and sanctions to ensure compliance. Appellees were charged with violating R.C. 1509.22, which provided in pertinent part at the time relevant herein:

"Contamination of surface or underground water by substances resulting, obtained, or produced in connection with exploration, drilling, or

producing of oil or gas is prohibited * * *. All water produced from a well shall be injected in a manner and into an underground formation approved by the chief, or disposed of by an alternative method or methods approved by the chief. * * *"

R.C. 1509.99, which provides for criminal sanctions, stated in part:

"Whoever violates sections 1509.01 to 1509.31 * * * of the Revised Code * * * shall be fined not less than one hundred nor more than one thousand dollars for a first offense; for each subsequent offense such person shall be fined not less than two hundred nor more than two thousand dollars. The prosecuting attorney of the county in which the offense was committed or the attorney general may prosecute an action under this section."

R.C. Chapter 1509 also provides for several other enforcement mechanisms, including injunctive relief (R.C. 1509.04), civil penalties (R.C. 1509.33), refusal to grant permits (R.C. 1509.08), and suspension orders (R.C. 1509.06).

In 1980, R.C. Chapter 1509 was amended to add R.C. 1509.32, which provides a procedure whereby citizens adversely affected by certain violations of R.C. 1509.22 and 1509.072 may institute enforcement actions. R.C. 1509.32 provides:

"Any person adversely affected may file with the chief of the division of oil and gas a written complaint alleging failure to restore disturbed land surfaces in violation of section 1509.072 or 1509.22 of the Revised Code or a rule adopted thereunder.

"Upon receipt of a complaint, the chief shall cause an investigation to be made of the lands where the alleged violation has occurred and send copies of the investigation report to the person who filed the complaint and to the owner. Upon finding a violation the chief shall order the owner to eliminate the violation within a specified time. If the owner fails to eliminate the violation within the time specified, the chief may request the prosecuting attorney of the county in which the violation occurs or the attorney general to bring appropriate action to secure compliance with such sections. If the chief fails to bring an appropriate action to secure compliance with such sections within twenty days after the time specified, the person filing the complaint may request the prosecuting attorney of the county in which the violation occurs to bring an appropriate action to secure compliance with such sections. The division of oil and gas may cooperate with any state or local agency to provide technical advice or minimum standards for the restoration of various soils and land surfaces or to assist in any investigation."

The state maintains that the purpose of the amendment was to provide an additional mechanism whereby individuals adversely affected by certain violations could institute enforcement actions when the division had failed to act. Appellant further contends that the amendment was never intended to be an implied limitation on the division's discretion to pursue the most appropriate enforcement option when it was properly carrying out its enforcement duties.

Nowhere in the statute does it expressly state that R.C. 1509.32 shall be the exclusive enforcement procedure for violations of R.C. 1509.22. Nevertheless, appellees maintain that the statute evidences legislative intent that R.C. 1509.32 be the exclusive remedy. They point out that the section is applicable only to R.C. 1509.22 and one other section, whereas the sanctions provided in R.C. 1509.99 are applicable to any violation of R.C. 1509.01 to 1509.31. They maintain that as R.C. 1509.32 is more specific, it must prevail over the general provisions of R.C. 1509.99. Presumably, under appellees' construction, R.C. 1509.32 would also prevail over all the general enforcement options provided for in R.C. Chapter 1509, including the general provisions allowing suspension orders when there is an imminent threat to public health or safety (R.C. 1509.06).

The fundamental fallacy in appellees' contention is the presumption that there may be only one method of proceeding to secure compliance. R.C. 1.51 provides that in construing a statute, "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. * * *" It is not questioned that prior to the amendment adding R.C. 1509.32, the terms of R.C. Chapter 1509 gave the Division of Oil and Gas discretion regarding the selection of enforcement actions. Appellees' construction of the amendment would impliedly deny effect to part of that discretion provided in the remainder of the chapter.

Furthermore, the interpretation advanced by appellees would apparently prohibit the division from bringing any action to secure compliance with the provisions of R.C. 1509.22 in the absence of a written complaint from a person adversely affected. This would be so regardless of whatever other evidence existed showing a violation of the statute, or whatever the severity of the harm to the environment or to the public health and safety. This interpretation would be contrary to R.C. 1.47 which provides that in enacting a statute it is presumed that a reasonable result is intended.

The language of R.C. 1509.32 and the statutory rules of construction mandate that R.C. Chapter 1509 be construed as granting discretion to the Division of Oil and Gas in choosing among a variety of enforcement actions which are cumulative in nature. R.C. 1509.32 provides an additional remedy whereby citizens adversely affected by specified violations of R.C. Chapter 1509 may institute enforcement actions when the Division of Oil and Gas has failed to act. We also believe that such an interpretation is consistent with the underlying policies of the Act to protect public health and safety and to conserve natural resources. Allowing discretion in choosing among methods of enforcement permits the divisions to bring the action most appropriate for securing compliance with the law. See *United States* v. *Frezzo Bros., Inc.* (C.A. 3, 1979), 602 F. 2d 1123. Providing a prerequisite which may be inappropriate diminishes the effectiveness of the statute. The General Assembly has expressly provided a panoply of procedures for society to defend itself against those who would violate its environmental laws. This court will not

twist the statute beyond reason so as to defeat the effectiveness of those defenses, and negate the very purpose of the statute.

Accordingly, we hold that R.C. 1509.32 does not limit the discretion of the Division of Oil and Gas in selecting an appropriate enforcement remedy for violations of R.C. Chapter 1509.

Appellees raise several other issues before this court which were neither before, nor decided by, the courts below. Accordingly, we decline to address these issues. *State* v. *Price* (1979), 60 Ohio St. 2d 136 [14 O.O.3d 379], paragraph two of the syllabus.

For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings not inconsistent herewith.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. I dissent from the reversal of the court of appeals which affirmed the dismissal of the complaint by the trial court. Upon a criminal complaint filed by an inspector for the Department of Natural Resources, defendant Tipka was charged with a criminal offense under R.C. 1509.22 and the penalty provisions of R.C. 1509.99, of operating and maintaining an oil or gas well in a manner as to result in water and dissolved chemicals from such well not being properly injected into any approved underground formation.

The relevant portions of R.C. 1509.22 provide:

"Contamination of surface or underground water by substances resulting, obtained, or produced in connection with exploration, drilling, or producing of oil or gas is prohibited, and the chief of the division of oil and gas shall adopt such rules relating thereto as may be necessary for protection of the public health * * *. Such substances shall be injected in a manner and into an underground formation *approved by the chief,* or disposed of by an alternative method or methods approved by the chief. * * *

"The chief shall adopt rules in accordance with Chapter 119. of the Revised Code regarding the injection into wells of substances resulting, obtained, or produced in connection with oil or gas drilling, exploration, or production. * * *" (Emphasis added.)

The relevant portions of R.C. 1509.32 provide:

"Any person adversely affected may file with the chief of the division of oil and gas a written complaint alleging failure to restore disturbed land surfaces in violation of section 1509.072 or 1509.22 of the Revised Code or a rule adopted thereunder.

"Upon receipt of a complaint, the chief shall cause an investigation to be made of the lands where the alleged violation has occurred and send copies of the investigation report to the person who filed the complaint and to the owner. Upon finding a violation the chief shall order the owner to eliminate the violation within a specified time. * * *"

R.C. 1509.99, at the time of the offense charged herein, provided:

"Whoever violates sections 1509.01 to 1509.31, of the Revised Code, or any rules, regulations, or orders issued pursuant to these sections, shall be fined not less than one hundred nor more than one thousand dollars for a first offense; * * *. The prosecuting attorney of the county in which the offense was committed or the attorney general may prosecute an action under this section."

The trial court and court of appeals were correct in construing these statutes *in pari materia* and in concluding that R.C. 1509.99 makes it a criminal offense to violate any of the provisions in R.C. 1509.01 to 1509.31 (specifically excluding R.C. 1509.32), while R.C. 1509.32 provides a procedure whereby any person adversely affected may file a complaint with the Chief of the Division of Oil and Gas who, upon investigation and subsequent finding of a violation, shall order the owner to eliminate the violation within a specified time. An appropriate action is prescribed for the owner's failure to eliminate the violation.

Both lower courts correctly decided that the clear legislative intent was that the administrative procedure prescribed in R.C. 1509.32 must first be exhausted before there could be resort to the criminal procedure and sanctions, as was done in this case, under the provisions of R.C. 1509.99. Therefore, the trial court properly dismissed the complaint, and the court of appeals was correct in its affirmance.

There is an added reason for upholding the decision of the lower courts. The complaint alleges only a violation of R.C. 1509.22 by not properly injecting water and dissolved chemicals into any *approved* underground formation, but does not allege any elements of the offense under R.C. 1509.22, concerning rules pertaining to such injection, nor does it allege any failure to obtain "approval of the chief." Before any offense can be stated for a violation under R.C. 1509.22, there must be an implementation of that statute as expressed therein:

"* * * [T]he chief of the division of oil and gas shall adopt such rules relating thereto as may be necessary for protection of the public health * * *. Such substances shall be injected in a manner and into an underground formation approved by the chief, or disposed of by an alternative method or methods approved by the chief. * * *"

Therefore, the complaint stated the commission of no offense. The foregoing excerpted provisions of R.C. 1509.22 exhibit a legislative intent to have the Division of Oil and Gas work with the oil and gas drillers so that certain substances are properly injected underground, and not to have to impose burdensome criminal penalties on the driller without warning.

Further, this case, and the relevant provisions of R.C. Chapter 1509, are clearly distinguishable from the prevailing wage laws in R.C. Chapter 4115 at issue in *State* v. *Buckeye Electric Co.* (1984), 12 Ohio St. 3d 252. There, we correctly reversed the lower courts which dismissed the criminal complaint. The statutory framework and purpose of the prevailing wage laws in R.C. Chapter 4115 in *Buckeye Electric Co.* are completely different from the gas drilling provisions under R.C. Chapter 1509 in the instant case. In *Buckeye Electric Co.* we correctly held that the general grant of authority to the prosecuting attorney to prosecute crime under R.C. 309.08 authorized the criminal proceedings there without resorting first to the administrative enforcement provisions of R.C. 4115.03 to 4115.16. Prevailing wage legislation revealed no legislative intent that criminal prosecution could be maintained only after all administrative enforcement proceedings were exhausted. R.C. 4101.09 recognizes the inability of the Department of Industrial Relations to prosecute for criminal violations and spells out inter-agency cooperative action through the combined powers of the Attorney General, prosecuting attorney and the Department of Industrial Relations. There is no limitation on the power of the prosecuting attorney or upon criminal proceedings generally in R.C. Chapter 4115 as there is in R.C. 1509.99.