NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3632

THE STATE OF OHIO, APPELLEE, *v.* TOWNS, SHERIFF, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Towns*, **Slip Opinion No. 2022-Ohio-3632.]**

*Criminal law—R.C. 102.03—Sheriff's unauthorized disclosure of confidential information in the course of his official duties—R.C. 102.06—Appropriate ethics commission shall receive and may initiate complaints for violations of ethics laws—Prosecuting authority may independently bring a complaint for violations of ethics laws—Prior review under R.C. 102.06 of charges is not a prerequisite for criminal prosecution.*

(No. 2020-1503—Submitted November 10, 2021—Decided October 18, 2022.)

APPEAL from the Court of Appeals for Williams County, No. WM-19-023, 2020-Ohio-5120.

_____

**BRUNNER, J.**

## I. INTRODUCTION

**{¶ 1}** This case concerns a sheriff who was found guilty of a violation of R.C. 102.03(B), a provision of Ohio ethics law, for posting confidential information on the sheriff's office website. The issue presented in this case is whether R.C. 102.03(B) allows a prosecuting authority to proceed with a criminal complaint that is subject to R.C. Chapter 102 when the complaint has not been reviewed by the Ohio Ethics Commission.

**{¶ 2}** We hold that R.C. 102.03(B) does not prevent an "appropriate prosecuting authority" from independently bringing a complaint under R.C. Chapter 102, even though R.C. 102.06 states that the appropriate ethics commission[1] "shall receive and may initiate" a complaint against a person subject to R.C. Chapter 102 and allows that commission to refer the complaint for prosecution. We thus hold that R.C. 102.06 sets out a method by which ethical issues may be considered and resolved but that the method is not a prerequisite for criminal prosecution.

**{¶ 3}** Accordingly, we affirm the judgment of the Sixth District Court of Appeals.

---

1. "Appropriate ethics commission" means:

> (1) For matters relating to members of the general assembly, employees of the general assembly, employees of the legislative service commission, and candidates for the office of member of the general assembly, the joint legislative ethics committee;
> (2) For matters relating to judicial officers and employees, and candidates for judicial office, the board of commissioners on grievances and discipline of the supreme court;
> (3) For matters relating to all other persons, the Ohio ethics commission.

R.C. 102.01(F).

## II. FACTS AND PROCEDURAL HISTORY

{¶ 4} On June 20, 2019, a special agent of the Ohio Bureau of Criminal Investigation (whose assistance had been requested by special prosecutors) filed a three-count complaint in the Bryan Municipal Court of Williams County, Ohio, against appellant, Steven Towns, who was then the Williams County sheriff. The charges included a violation of R.C. 102.03(B), a misdemeanor of the first degree, for the alleged unauthorized disclosure of confidential information on the sheriff's office website. Towns pled not guilty to all the counts and filed a motion to dismiss.

{¶ 5} In his motion, Towns presented arguments about the constitutionality of the statutes under which he was being prosecuted, the jurisdiction of the court to proceed, and what he perceived to be the selective nature of the prosecution. Relevant to the issue before this court, he argued that violations of R.C. 102.03(B) are matters within the sole jurisdiction of the Ohio Ethics Commission unless and until that body refers such cases for prosecution.

{¶ 6} On October 21, 2019, the trial court denied the motion without stating its reasons for doing so. After the state voluntarily dismissed some of the charges, the remaining charges were tried to a jury. The jury found Towns guilty of disclosing confidential information in violation of R.C. 102.03(B).[2] The trial court then entered an order imposing a $500 fine and three years of community control with a 180-day suspended jail sentence.

{¶ 7} On appeal, the Sixth District Court of Appeals affirmed Towns's conviction, overruling seven assignments of error. 2020-Ohio-5120, ¶ 32. The Sixth District specifically considered the issue that is now before this court: may a criminal prosecution be brought alleging a violation of R.C. 102.03(B) without a prior review of the charges by the Ohio Ethics Commission. The appellate court noted that R.C. 102.06 provides a framework for the ethics commission to receive

---

2. The verdict form misstates the statute as "103.03B," which does not exist.

and initiate complaints against a person for a violation of a provision of R.C. Chapter 102; if the complaint is substantiated by a preponderance of the evidence, the statute provides that the ethics commission may report its findings to the appropriate authority for prosecution. The appellate court reasoned that there is no explicit indication in the statute or other authority that that quasi-judicial process is mandatory or exclusive. The appellate court found that the trial court did not err in refusing to dismiss the R.C. 102.03 charges against Towns on these grounds.

{¶ 8} Towns appealed and asked this court to accept jurisdiction of multiple propositions of law. However, the court accepted the case on only the proposition of law questioning whether the prosecutor's action against Towns could proceed. *See* 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 586.

### III. DISCUSSION

{¶ 9} The facts of this case are not in dispute. The question presented is one of interpretation of law, and we review questions of law de novo. *See State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶ 15.

{¶ 10} Towns was convicted of violating R.C. 102.03(B), which prohibits any present or former public official from disclosing or using,

> without appropriate authorization, any information acquired by the public official or employee in the course of the public official's or employee's official duties that is confidential because of statutory provisions, or that has been clearly designated to the public official or employee as confidential when that confidential designation is warranted because of the status of the proceedings or the circumstances under which the information was received and preserving its confidentiality is necessary to the proper conduct of government business.

4

A violation of R.C. 102.03 is a misdemeanor of the first degree. R.C. 102.99(B).

{¶ 11} Generally, in Ohio, the authority that can be exercised by county prosecuting attorneys and city attorneys or law directors is established by enabling acts. R.C. 309.08(A) and 733.53. In the absence of some other law limiting the general jurisdiction of the Williams County prosecuting attorney's office, the prosecutor had the authority to charge Towns with violating R.C. 102.03(B). Towns argues, however, that R.C. 102.06 is a "special" provision, as set forth in R.C. 1.51, that limits the prosecuting attorney's office, because it requires that the Ohio Ethics Commission review any charge before a prosecution may be commenced. Arguing the rules of statutory construction, Towns posits that the special provision, R.C. 102.06, and the general provision, R.C. 309.08, conflict and that they must "be construed, if possible, so that effect is given to both," R.C. 1.51. He further argues that if it is impossible to give effect to both statutes, the special provision "prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." *Id*.

{¶ 12} R.C. 102.06 requires the "appropriate ethics commission" to *receive* complaints made under penalty of perjury and authorizes the commission to *initiate complaints* for specific alleged statutory violations of Ohio's ethics laws. R.C. 102.06(A). The commission is required to investigate complaints and "may investigate charges presented to it." R.C. 102.06(B). As part of that investigation, the commission may share information gathered in its investigation with any appropriate prosecuting authority, any law-enforcement agency, the inspector general, or any other appropriate ethics commission. *Id.* The commission must proceed upon complaints, so if charges are presented that are found not to be frivolous following an investigation, a complaint is filed against the person. *Id.*

{¶ 13} The subject of the complaint is afforded notice, a hearing, and a statement of the charges and the "law directly involved" as well as the opportunity

to be represented by counsel, to have counsel appointed if "unable to afford counsel without undue hardship," to examine the evidence against him, to produce evidence and to call and subpoena witnesses in his defense, to confront his accusers, and to cross-examine witnesses. R.C. 102.06(B) and (D). The commission must have a stenographic record made of the hearing, which is closed to the public. R.C. 102.06(B).

{¶ 14} If the commission finds by a preponderance of the evidence that the facts alleged in the complaint are true, it is required to report its findings to the appropriate prosecuting authority.[3] R.C. 102.06(C)(1)(a). If the commission does not find a violation, it must dismiss the complaint and shall not make a report or disclose the evidence or hearing record except at the option of the accused. R.C. 102.06(C)(2) and (F). If no action is taken by the prosecuting authority when the commission reports its findings, the commission may publicly comment that no action has been taken on its findings, but the commission is prohibited from making any "comment in violation of the Rules of Criminal Procedure or about any indictment that has been sealed" according to any law or those rules, and the commission may not comment about the merits of its own findings. R.C. 102.06(C)(1)(b). It is notable that the commission "or the appropriate prosecuting authority" may "compromise or settle the complaint or charge with the agreement of the accused." R.C. 102.06(G)(1).

{¶ 15} Nothing in R.C. 102.06 prohibits criminal prosecution for a violation of Ohio's ethics law without charges or a complaint having been first submitted to the appropriate ethics commission. Nor does any provision of the statute state or even imply that the appropriate ethics commission is the exclusive agency to receive ethics complaints. A number of the statute's provisions imply a distinction

---

3. "Appropriate prosecuting authority" is not defined in R.C. Chapter 102 or any other chapter of the Revised Code.

between "charges" and "complaints" and between the "appropriate ethics commission" and the "appropriate prosecuting authority." R.C. 102.06(B), (C)(1)(a), and (G)(1). These provisions appear to acknowledge that the prosecution of criminal charges and the investigation and hearing of ethics complaints are related and not mutually exclusive.

{¶ 16} R.C. 102.06(B) contemplates that information will be shared between an ethics commission and a prosecuting authority. And it is possible that an ethics commission may initiate a complaint based on an investigation of charges presented to it, R.C. 102.06(B), and "report its findings to the appropriate prosecuting authority for proceedings in prosecution of the violation" found, R.C. 102.06(C)(1)(a). The statute provides for ethics proceedings and criminal proceedings that are related and interactive, and neither is explicitly or implicitly dependent on the other.

{¶ 17} What little caselaw exists on the question appears to confirm this reading. In *State v. Morrison*, 9th Dist. Summit No. 24965, 2010-Ohio-6309, a trustee of the University of Akron was charged with having an unlawful interest in a public contract. The university sought to purchase property from the trustee's son that the son had purchased with financing from his father, the trustee. The Ohio Ethics Commission docketed the matter as a "charge" and issued preliminary findings that it forwarded to the Summit County prosecutor's office. Morrison sought to dismiss the charges, arguing that the findings were premature and that his due-process rights had been violated because the commission had not filed an administrative complaint or held a hearing. The Ninth District Court of Appeals concluded that the sharing of information was permitted and that the prosecution was "not commenced in violation of [the trustee's] due process rights." The court of appeals affirmed the trial court's refusal to dismiss the charges against Morrison.

*Id.* at ¶ 21.[4]   In other words, in Morrison's case, the prosecution existed independently of the ethics investigation and the court of appeals found that the prosecution was valid even though the ethics investigation had not concluded.

{¶ 18} In other contexts, statutes have specifically made an administrative process a prerequisite to the initiation and prosecution of criminal charges. *See, e.g.*, R.C. 3517.21(C) ("Before a prosecution may commence under this section, a complaint shall be filed with the Ohio elections commission * * *").  We have previously stated that when the General Assembly has not expressly created a prerequisite to prosecution, we should not imply otherwise. *State v. Buckeye Elec. Co.*, 12 Ohio St.3d 252, 254, 466 N.E.2d 894 (1984), fn. 2; *State v. Tipka*, 12 Ohio St.3d 258, 260-261, 466 N.E.2d 898 (1984).

{¶ 19} The General Assembly could have chosen to require the ethics commission to issue findings as a gateway to criminal prosecution, but it did not do so.  We hold that because no statute indicates otherwise, proceedings before the Ohio Ethics Commission are not a prerequisite to an appropriate prosecuting authority bringing charges alleging a violation of R.C. 102.03(B).

## IV.  CONCLUSION

{¶ 20} A person who is subject to the jurisdiction of the Ohio Ethics Commission may be criminally prosecuted for a violation of R.C. 102.03(B) without the Ohio Ethics Commission's first investigating or prosecuting the charge.  While R.C. 102.06 contemplates submission of alleged violations of R.C. 102.03(B) to the appropriate ethics commission and referral for prosecution if the ethics violations are substantiated by a preponderance of the evidence, the statute does not forbid prosecutions from being brought by a prosecuting authority before the ethics commission initiates or completes its investigation.  R.C. 102.06

---

4. The Ninth District did, however, vacate the convictions based on the insufficiency of proof regarding the sum of money at issue. *Morrison*, 2010-Ohio-6309, at ¶ 39.

contemplates both the independent filing of charges by the appropriate prosecuting authority and the filing of ethics complaints before the appropriate ethics commission, thus providing a means for alleged ethical violations to be considered and resolved by the commission even while charges brought by the appropriate prosecuting authority are considered and resolved in a court.

{¶ 21} For the reasons stated in this opinion, we affirm the judgment of the Sixth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Mark R. Weaver, Ryan Stubenrauch, and David C. Moser, for appellee.

Groth and Associates and Henry Schaefer, for appellant.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor General, and Paul M. Nick, Assistant Attorney General, urging affirmance on behalf of amicus curiae Ohio Attorney General Dave Yost.

Steven L. Taylor, urging affirmance on behalf of amicus curiae Ohio Prosecuting Attorneys Association.

_____