[Cite as *State v. Barnett*, 2023-Ohio-678.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**               **CASE NO. 6-22-16**

    **v.**

**NIKKI NICOLE BARNETT,**              **O P I N I O N**

    **DEFENDANT-APPELLANT.**

---

**Appeal from Hardin County Common Pleas Court**
**Trial Court No. CRI 20212203**

**Judgment Affirmed in Part and Reversed in Part**

**Date of Decision: March 6, 2023**

---

**APPEARANCES:**

    *Christopher Bazeley* **for Appellant**

    *Andrew R. Tudor* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Nikki Nicole Barnett ("Barnett"), appeals the September 21, 2022 judgment of the Hardin County Court of Common Pleas sentencing Barnett to 30 months in prison and ordering that court-appointed attorneys fees be taxed as costs in the case and paid by Barnett. For the reasons that follow, we affirm in part and reverse in part.

*Facts and Procedural History*

{¶2} This case originated on December 30, 2021, when the Hardin County Grand Jury returned a two-count indictment against Barnett. Count 1 of the indictment charged Barnett with Money Laundering, a third-degree felony in violation of R.C. 1315.55(A)(3) and 1315.99(C). Count 2 charged Barnett with Theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1) and (B)(2). On January 20, 2022, an arraignment was held and Barnett pled not guilty to both counts in the indictment. At that time, the trial court found Barnett to be indigent and granted Barnett's request for court-appointed counsel.

{¶3} On March 25, 2022, the case was resolved with a negotiated plea of guilty. Pursuant to the plea agreement, Barnett pled guilty to Count 1 and, in exchange, the prosecution dismissed Count 2. The trial court then ordered a pre-sentence investigation.

{¶4} On May 3, 2022, a sentencing hearing was held and Barnett was sentenced to five years of community control. As a term of that community control,

the trial court ordered Barnett to enter and successfully complete the WORTH Center, a community-based correctional facility.

{¶5} On May 4, 2022, the trial court filed its judgment entry of sentencing. In that entry, the trial court ordered that "Defendant shall * * * [p]ay court costs, including court appointed counsel fees which are hereby Ordered taxed as costs and paid by Defendant[.]" (Docket No. 30, page 2). The entry further states that "[t]he Court inquired of Defendant and finds that Defendant has, or reasonably may be expected to have, the means to pay all of the court costs, court appointed counsel fees, any fine, and any restitution or reimbursement." (Docket No. 30, page 5). At the conclusion of that entry, the trial court ordered, "Costs to Defendant, including the costs of establishing a case in which to file a certificate of judgment for collection purposes, for which judgment is ordered and execution may issue." (Docket No. 30, pages 7-8).

{¶6} On May 11, 2022, Barnett filed a notice of appeal. On May 17, 2022, the trial court filed an entry finding Barnett to be indigent, and new counsel was appointed to represent Barnett on appeal.

{¶7} On July 21, 2022, while the initial direct appeal was still pending, the State of Ohio filed a motion in the trial court seeking revocation of Barnett's community control, based on the allegation that Barnett had failed to complete the WORTH Center program. As a result, new trial court counsel filed an updated financial disclosure form on Barnett's behalf, and the trial court again found Barnett

to be indigent and ordered that counsel be appointed to represent Barnett in the trial court.

{¶8} On August 3, 2022, a hearing was held on the state's revocation motion. At that time, Barnett formally entered an admission, acknowledging that she had violated the terms of community control as alleged.

{¶9} On August 30, 2022, a dispositional hearing was scheduled to be held. However, at that time, the defense requested that disposition be deferred to give Barnett the opportunity to apply for placement in another treatment program, West Central. The trial court agreed to continue the hearing.

{¶10} On September 20, 2022, the parties returned to court for the dispositional hearing on the community control violation. At the start of the hearing, the trial court noted it had received information that Barnett had refused to be evaluated for placement in the West Central treatment program. The State of Ohio then recommended that Barnett be sentenced to 30 months in prison. The defense requested that the trial court follow the state's recommendation or, alternatively, consider a lesser sentence.

{¶11} Following a review of Barnett's criminal history and her unsuccessful history of community control supervision in this case, the trial court found that a prison sentence was appropriate and sentenced Barnett to 30 months in prison, with 212 days of jail time credit.

-4-

{¶12} On September 21, 2022, the trial court filed an entry journalizing its sentencing order. At the conclusion of that judgment entry, the trial court ordered, "Costs to Defendant including court appointed counsel fees which are hereby Ordered taxed as costs and paid by Defendant, for which judgment is ordered and execution may issue." (Docket No. 63).

{¶13} On October 20, 2022, Barnett filed the instant appeal, in which she raises three assignments of error.

{¶14} On December 19, 2022, this court affirmed the judgment of conviction and sentenced originally entered against defendant in the trial court. *State v. Barnett*, 3d Dist. Hardin No. 6-22-08, 2022-Ohio-4558.

### First Assignment of Error

**THE TRIAL COURT ERRED WHEN IT ORDERED BARNETT TO PAY THE FEES OF HER COURT-APPOINTED ATTORNEY WITHOUT A HEARING ON WHETHER SHE HAD, OR WILL HAVE, THE MEANS TO PAY.**

{¶15} In the first assignment of error, Barnett asserts that it was error for the trial court to order Barnett to pay the costs of her court-appointed counsel without first holding a hearing to determine Barnett's ability to pay.

{¶16} R.C. 2941.51 governs counsel for indigents in criminal cases. In relevant part, R.C. 2941.51(A) provides, "[c]ounsel appointed to a case * * * shall be paid for their services by the county the compensation and expenses that the trial court approves." R.C. 2941.51(D) then provides:

**The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. * * ***

{¶17} In the instant appeal, Barnett asserts that a hearing was required before the trial court could find that Barnett had, or reasonably may be expected to have, the ability to pay the cost of her court-appointed counsel. The record reflects that no inquiry relating to Barnett's financial status took place on the record at the September 20, 2022 dispositional hearing in the community control revocation proceedings. Then, as noted above, the September 21, 2022 judgment entry of sentencing merely provides, as to that issue, "Costs to Defendant including court appointed counsel fees which are hereby Ordered taxed as costs and paid by Defendant, for which judgment is ordered and execution may issue." (Docket No. 63).

{¶18} The issue raised here by Barnett was addressed by the Supreme Court of Ohio in *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786. In *Taylor*, the Ohio Supreme Court held that, "under R.C. 2941.51(D), a trial court in a criminal case may assess court-appointed counsel fees against a defendant without making specific findings on the record to justify the fee assessment." *Taylor*, *supra*, at ¶ 2. The Supreme Court of Ohio did go on to note, "[w]e recognize, however, that the

best practice is for the trial court to articulate its findings on the record for the benefit of the parties and to allow for more meaningful appellate review." *Id*.

{¶19} Here, while the trial court held no hearing at the time of the community control revocation proceedings and therefore did not articulate any findings relative to Barnett's current or future ability to pay court-appointed counsel fees, the trial court was not technically required to do so, pursuant to *Taylor*. We therefore overrule the first assignment of error.

## Second Assignment of Error

**THE TRIAL COURT ERRED WHEN IT TAXED APPOINTED COUNSEL FEES AS COSTS.**

{¶20} In the second assignment of error, Barnett argues that the trial court erred in ordering that the court-appointed fees be assessed against Barnett as costs in the case. We agree.

{¶21} As noted above, in *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, the Supreme Court of Ohio directly addressed what is required of a trial court under R.C. 2941.51(D) when ordering that a convicted criminal defendant reimburse a county for the cost of court-appointed counsel.

{¶22} In that same case, the Supreme Court of Ohio also specifically addressed whether court-appointed counsel fees may be imposed as part of a defendant's sentence. In so doing, the Supreme Court noted that R.C. 2941.51 plainly states that court-appointed counsel fees shall not be assessed as costs.

*Taylor*, *supra*, at ¶ 34. The Supreme Court of Ohio then held that "while such fees may be assessed at the sentencing hearing, they cannot be included as a part of the offender's sentence." *Taylor*, at ¶ 37. As a point of clarification, the Supreme Court then held that "*if* the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed counsel fees is a civil assessment and is not part of the defendant's sentence." *Id.* (Emphasis added.)

**{¶23}** In the instant case, the trial court's judgment entry of sentencing relating to the community control revocation merely states, "Costs to Defendant including court appointed counsel fees which are hereby Ordered taxed as costs and paid by Defendant, for which judgment is ordered and execution may issue." (Docket No. 63). As the trial court neglected to include any language indicating that the order relating to court-appointed counsel fees was a civil assessment and because the trial court further specified that such fees were be taxed as costs in the case, defendant's second assignment of error has merit.

**{¶24}** We therefore sustain the second assignment of error and vacate the portion of the September 21, 2022 sentencing entry imposing court-appointed counsel fees against Barnett.

### Third Assignment of Error

**THE SENTENCE IMPOSED BY THE TRIAL COURT IS STRIKNINGLY** [*sic*] **INCONSISTENT WITH THE SERIOUSNESS AND RECIDIVISM FACTORS OF R.C. 2929.12.**

**{¶25}** In the third assignment of error, Barnett argues that her 30-month prison sentence is not supported by the record. Specifically, Barnett asserts that the prison sentence is strikingly inconsistent with the factors set forth in R.C. 2929.12 that relate to the seriousness of the crime at issue and the likelihood of recidivism.

**{¶26}** R.C. 2953.08 specifies the grounds upon which a defendant convicted of a felony may appeal a sentence as a matter of right. Pursuant to R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

**{¶27}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the Supreme Court of Ohio clarified the appropriate scope of appellate review in cases where the defendant is challenging the trial court's application of R.C. 2929.11 and R.C. 2929.12. In *Jones*, the Ohio Supreme Court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones*, at ¶ 39.

**{¶28}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. "A

sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Lane*, 3d Dist. Allen No. 1-21-33, 2022-Ohio-3775, ¶ 85, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 15.

{¶29} In the instant case, Barnett was convicted of Money Laundering, a third-degree felony in violation of R.C. 1315.55(A)(3) and 1315.99(C). Pursuant to R.C. 2929.14(A)(3)(b), the potential prison term for such a felony of the third degree is a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. Thus, Barnett's stated prison term of thirty months is within the permissible statutory range.

{¶30} Additionally, the September 21, 2022 judgment entry of sentencing reflects that the trial court considered "the purposes and principles of sentencing" in sentencing Barnett to 30 months in prison, in addition to finding that Barnett "is not presently amenable to any available combination of community control sanctions and that continued use of such sanctions would demean the seriousness of her misconduct while under community control." (Docket No. 63).

{¶31} Moreover, at the September 20, 2022 dispositional hearing, the trial court noted that Barnett had been terminated from the WORTH Center while previously on community control in this case; that Barnett subsequently refused to be evaluated for a different treatment program; that Barnett had previously been

convicted of multiple other theft offenses; and that Barnett had tested positive for the use of marijuana, methamphetamines, and amphetamines during the pendency of the instant case. (Sept. 20, 2022 Tr., 3, 6-8). Thus, Barnett's sentence is not strikingly inconsistent with the seriousness and recidivism factors set forth in R.C. 2929.12 and, notwithstanding *Jones*, *supra*, the record supports the trial court's determination that a 30-month prison term was appropriate at that time.

**{¶32}** For all of these reasons, Barnett's sentence is not contrary to law. We therefore overrule the third assignment of error.

**{¶33}** For the reasons stated above, the judgment of the Hardin County Court of Common Pleas is affirmed in part and reversed in part.

*Judgment Affirmed in Part*
*and Reversed in Part*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/jlr**