[Cite as *State v. Morgan*, 2024-Ohio-4966.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**MERCER COUNTY**

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SCOTT A. MORGAN,

    DEFENDANT-APPELLANT.

CASE NO. 10-24-01

O P I N I O N

Appeal from Mercer County Common Pleas Court
Criminal Division
Trial Court No. 23-CRM-006

Judgment Affirmed in Part, Reversed in Part

Date of Decision: October 15, 2024

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Erin M. Minor* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Scott A. Morgan ("Morgan"), appeals the December 5, 2023 judgment entry of sentencing of the Mercer County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On January 19, 2023, the Mercer County Grand Jury indicted Morgan on Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(c), a second-degree felony; Count Two of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; Count Three of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(c), a third-degree felony; Count Four of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony; Count Five of resisting arrest in violation of R.C. 2921.33(A), (D), a second-degree misdemeanor; and Count Six of obstructing official business in violation of R.C. 2921.31(A), (B), a second-degree misdemeanor. Morgan appeared for arraignment on January 26, 2023, and entered pleas of not guilty.

{¶3} On October 11, 2023, the State filed a bill of information in the trial court charging Morgan with Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony; Count Two of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony; Count Three of aggravated possession of drugs in violation of R.C.

2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Four of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(9)(b), (C)(11)(b), a fourth-degree felony.

{¶4} On October 12, 2023, Morgan entered guilty pleas, under a negotiated plea agreement, to all four counts of the bill of information. In exchange for his guilty pleas, the State requested leave to enter a nolle prosequi as to the original indictment, which the trial court granted. The State also reserved the right to argue at sentencing. The trial court conducted a Crim.R. 11 colloquy, accepted Morgan's guilty pleas, ordered a presentence investigation ("PSI"), and set the matter for sentencing on November 29, 2023. The trial court released Morgan on his own recognizance with conditions that he not consume drugs of abuse.

{¶5} On November 21, 2023, the trial court revoked Morgan's bond after he tested positive for methamphetamines. A bench warrant was issued and Morgan was arrested on November 30, 2023.

{¶6} The trial court rescheduled Morgan's sentencing until December 4, 2023. At sentencing, the trial court noted that Morgan did not participate in the preparation of the PSI. The trial court also noted Morgan's extensive criminal history. The trial court then sentenced Morgan to 24 months in prison as to Counts One and Two, respectively, nine months in prison as to Count Three, and 13 months

in prison as to Count Four.[1]  The trial court ordered Morgan to serve the prison terms consecutively for an aggregate sentence of 70 months.

**{¶7}** On January 11, 2024, Morgan filed a notice of appeal.  He raises three assignments of error for our review which we will address in the order presented.

## First Assignment of Error

**Morgan's Plea Was Not Knowingly, Voluntarily, Or Intelligently Given.**

**{¶8}** In his first assignment of error, Morgan argues that his guilty pleas were not made knowingly, voluntarily, or intelligently because the trial court failed to properly advise him of his constitutional right to remain silent.

### Standard of Review

**{¶9}** "All guilty pleas must be made knowingly, voluntarily, and intelligently."  *State v. Moll*, 2015-Ohio-926, ¶ 9 (3d Dist.).  "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'"  *State v. Montgomery*, 2014-Ohio-1789, ¶ 10 (3d Dist.), quoting *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

**{¶10}** In order for a plea to be knowing, voluntary, and intelligent, the trial court must comply with the provisions of Crim.R. 11(C).  Specifically, under

---

[1] The trial court filed its judgment entry of sentencing on December 5, 2023.

-4-

Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea to a felony offense without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶11} A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 2020-Ohio-2765, ¶ 16. There are, however, two exceptions to this rule.

{¶12} The first exception concerns the constitutional rights set forth in Crim.R. 11(C)(2)(c), namely, "the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable

doubt." *Dangler* at ¶ 14. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.*

{¶13} The second exception occurs when a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 15. The complete failure to comply with a portion of Crim.R. 11(C) "eliminates the defendant's burden to show prejudice." *Id.*

{¶14} "Aside from these two exceptions, . . . a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

*Analysis*

{¶15} On appeal, Morgan argues that his guilty pleas were not knowing, voluntary, and intelligent because the trial court failed to properly advise him of his constitutional rights. Specifically, Morgan claims that the trial court improperly advised him that, by pleading guilty, he was waiving "his right to remain silent from that point forward" and that "his right to remain silent could only be exercised during trial." (Appellant's Brief at 3; Appellant's Reply Brief at 1). Moreover,

Morgan suggests that his failure to participate in the PSI "could be a result of the misinformation provided by the court." (Appellant's Brief at 4).

**{¶16}** In this case, the record reveals that the trial court advised Morgan of the constitutional rights that are waived by pleading guilty. *See* Crim.R. 11(C)(2)(c). Moreover, Morgan informed the trial court that he understood those rights and that he was entering his guilty pleas voluntarily.

**{¶17}** Specifically, while informing Morgan of the constitutional rights he was waiving by pleading guilty, the trial court made statements regarding the right against self-incrimination. In particular, the trial court advised Morgan as follows:

> THE COURT: And you're waiving your right against self-incrimination. You have a right to remain silent and not incriminate yourself, and you would hold that all the way through trial. You can't be compelled to testify yourself at trial at all. The State has to prove everything. Because you're pleading, you're not having a trial, you waive that right, you no longer have the right to remain silent in this case. We can compel your testimony. Understand?
>
> MR. MORGAN: Yes, sir.

(Oct. 12, 2023 Tr. at 23). Thereafter, Morgan signed a waiver of constitutional rights form that provided, in relevant part, as follows:

> I further recognize that I have certain constitutional rights that are set forth below and by signing this instrument I hereby waive these rights:
>
> . . .
>
> 4. The right to require the State to prove that I am guilty beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.

5. That I am not required to make any statement or confession concerning my guilt and that the Constitution provided that I cannot be required to incriminate myself.

(Doc. No. 94).

**{¶18}** Even though the trial court used terse language during the plea colloquy by advising Morgan "you're waiving your right against self-incrimination," this language was used by the Supreme Court of Ohio in *State v. Veney*, 2008-Ohio-5200. In *Veney*, the Supreme Court held that Crim.R. 11(C)(2)(c) requires the trial court to

> *orally advise a defendant before accepting a felony plea that the plea waives* (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) *the privilege against compulsory self-incrimination*.

(Emphases added.) *Veney* at ¶ 31. Nevertheless, the trial court's additional advisement of "you no longer have the right to remain silent in this case" and "[w]e can compel your testimony" is a misstatement of the law. "A defendant's right to remain silent extends past trial and through sentencing . . . because liability for the crime with which the defendant is charged continues until the sentence has been imposed." *State v. Brunson*, 2022-Ohio-4299, ¶ 75, citing *Mitchell v. United States*, 526 U.S. 314, 328-330 (1999).

**{¶19}** After a thorough review of the plea hearing, we conclude that the trial court complied with Crim.R. 11(C)(2)(c) by informing Morgan of the constitutional rights he was waiving by pleading guilty. Therefore, Morgan is not entitled to have

his guilty pleas vacated unless he demonstrates that he was prejudiced by the trial court's misstatement of the law regarding his right to remain silent. *Dangler*, 2020-Ohio-2765, at ¶ 16.

**{¶20}** "Prejudice must be established ""'on the face of the record.'"" *Dangler* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462 (1999). Here, there is nothing in the record to suggest that Morgan relied on the trial court's misstatement of the law when entering his guilty pleas. In fact, the record reveals that the guilty pleas were entered, in part, to avoid prosecution under a six-count indictment that included a second-degree-felony-drug-possession offense that carried mandatory prison time.

**{¶21}** Furthermore, Morgan's suggestion that he did not participate in the PSI due to the trial court's misstatement of the law is disingenuous. The record shows that Morgan likely did not participate in the PSI due to violating the terms of his recognizance bond and testing positive for methamphetamines. Moreover, Morgan did not seek to withdraw his guilty pleas prior to sentencing, nor did he request a continuance of sentencing so that he could participate in the PSI. Instead, Morgan exercised his right to allocution at sentencing. There is nothing in the record to support that Morgan was compelled to incriminate himself, nor does Morgan argue such on appeal. Given these facts, Morgan has not established prejudice and he is not entitled to have his guilty pleas vacated.

{¶22} Based on our review of the record, we conclude that the trial court explained the constitutional rights that Morgan was waiving by pleading guilty as required under Crim.R. 11(C)(2)(c). We further conclude that Morgan is unable to establish any prejudice by the trial court's misstatement of law regarding the right to remain silent. Accordingly, Morgan's guilty pleas were made knowingly, voluntarily, and intelligently.

{¶23} Morgan's first assignment of error is overruled.

**Second Assignment of Error**

**The Trial Court Failed To Merge Morgan's Two Sentences For Counts One And Two Of The Bill Of [Information].**

{¶24} In his second assignment of error, Morgan argues that the trial court erred by failing to merge his aggravated-possession-of-drugs convictions under Counts One and Two of the bill of information as allied offenses of similar import. Morgan requests that his sentences for these convictions be vacated and that the matter be remanded to the trial court for consideration of merger.

*Standard of Review*

{¶25} "We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey*, 2022-Ohio-4407, ¶ 6. If, however, a defendant fails to preserve the issue of merger at the time of sentencing, he forfeits all but plain error on review. *Bailey* at ¶ 7.

*Analysis*

**{¶26}** In this case, Morgan failed to raise the issue of allied offenses of similar import in the trial court. Therefore, by failing to seek the merger of Counts One and Two of the bill of information at the time of sentencing, Morgan forfeited his allied-offenses claim for appellate review. Thus, we review solely for plain error.

**{¶27}** "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Bailey* at ¶ 8. To prevail under the plain-error doctrine, the defendant-appellant must show that (1) an error occurred, (2) the error was obvious, and (3) there is a reasonable probability that the error resulted in prejudice. *Id.* All three elements must be established to justify an appellate court's intervention. *Id.* at ¶ 9. *See also State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus ("Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.").

**{¶28}** As to the first element, Morgan argues that an error occurred because the trial court failed to merge his aggravated-possession-of-drugs convictions under Counts One and Two of the bill of information as allied offenses of similar import. Specifically, Morgan contends that these convictions should merge "[b]ecause the substances in counts one and two of the Bill of [Information] came from the same source, [his] possession in both counts was obviously similar in import, committed

simultaneously, and committed with the same animus or motivation." (Appellant's Brief at 6).

**{¶29}** Ohio's allied-offenses statute, R.C. 2941.25, prohibits the imposition of multiple punishments for the same criminal conduct. *See State v. Underwood*, 2010-Ohio-1, ¶ 23. To determine whether allied offenses should merge for sentencing, we ask: """(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?"""" *Bailey* at ¶ 10, quoting *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of these questions permits separate convictions. *Bailey* at ¶ 10. Moreover, the determination of whether R.C. 2941.25 has been properly applied is a fact-intensive analysis. *Id.* at ¶ 16 ("Application of the law governing the merger of allied offenses is dependent on the specific facts of each case.").

**{¶30}** Here, the record shows that Morgan was indicted on Count One of aggravated possession of drugs, a second-degree felony, for obtaining, possessing, or using a quantity of methamphetamine that "equals or exceeds five times the bulk amount but is less than fifty times the bulk amount." R.C. 2925.11(C)(1)(c). This second-degree-felony-aggravated-possession-of-drugs offense carried a mandatory prison term.

{¶31} Under a negotiated plea agreement, the aforementioned quantity of methamphetamine was split into two smaller amounts and Morgan was charged with third-degree-felony-aggravated-possession-of-drugs offenses in Counts One and Two of the bill of information. In particular, Morgan was charged with two counts of obtaining, possessing, or using a quantity of methamphetamine that "equals or exceeds the bulk amount but is less than five times the bulk amount." R.C. 2925.11(C)(1)(b). In exchange, the State agreed to forego prosecution of the second-degree-felony-aggravated-possession-of-drugs offense.

{¶32} When the matter proceeded to sentencing, the trial court inquired whether each of the four felony-drug-possession counts of the bill of information came from separate samples. The State explained that Counts One and Two of the bill of information resulted from plea negotiations wherein "the two F3s were a split of a larger amount of F2 methamphetamines." (December 4, 2023 Tr. at 20). The State further explained that "the two F3s come from one larger amount." (*Id.* at 21). The trial court set forth its understanding of the parties' agreement as follows:

> All right. So we have four samples. The first two are to get rid of mandatory time, an F2, broken into two F3s, to get rid of mandatory time, separate from the sample in Count Three, separate from the sample in Count Four, the bill of information?

(*Id.* at 22). The State and Morgan confirmed the trial court's understanding. Immediately thereafter, the trial court sentenced Morgan to 24 months in prison on

-13-

Count One, and to 24 months in prison on Count Two. The trial court ordered that the prison terms be served consecutively.

{¶33} Based on the specific facts of this case, we conclude that the trial court did not err by failing to merge Morgan's third-degree-felony-aggravated-possession-of-drugs convictions under Counts One and Two of the bill of information. Under the negotiated plea, Morgan is not being punished twice for the same criminal conduct. Rather, Morgan possessed a certain quantity of methamphetamine that was split into two smaller quantities to avoid a mandatory prison sentence. Thus, Morgan received the benefit of his bargain because the State did not pursue prosecution of a second-degree-felony-aggravated-possession-of-drugs offense that carried a mandatory prison term. Therefore, we conclude that the specific facts and circumstances of this case are not exceptional to warrant intervention under the plain-error doctrine. *See Bailey*, 2022-Ohio-4407, at ¶ 15 (stating that "the plain-error doctrine is warranted only under exceptional circumstances to prevent injustice").

{¶34} Accordingly, Morgan cannot establish the first element of the plain-error test—that an error occurred—because the trial court did not err by sentencing Morgan on the third-degree-felony-aggravated-possession-of-drugs convictions under Counts One and Two of the bill of information.

{¶35} Morgan's second assignment of error is overruled.

**Third Assignment of Error**

**The Trial Court Erred When It Ordered Morgan To Pay The Fees Of His Court-Appointed Attorney Without A Finding That He Had, Or Will Have, The Means To Pay.**

**Fourth Assignment of Error**

**The Trial Court Erred When It Taxed Appointed Counsel Fees As Costs.**

{¶36} For ease of discussion, we will address Morgan's third and fourth assignments of error together. In his third assignment of error, Morgan argues that the trial court erred by ordering him to pay court-appointed-counsel fees without making "an affirmative determination" that he had the ability to pay such fees. (Appellant's Brief at 9). In his fourth assignment of error, Morgan argues that the trial court erred by taxing court-appointed-counsel fees as costs. Morgan requests that this court vacate that portion of his sentence ordering him to pay court-appointed-counsel fees.

*Standard of Review*

{¶37} Under R.C. 2941.51 and R.C. 120.36(C), a "trial court in a criminal case has the authority to impose court-appointed-counsel fees upon a defendant." *State v. Taylor*, 2020-Ohio-6786, ¶ 24. However, "R.C. 2941.51 plainly states that court-appointed-counsel fees shall not be assessed as costs." *Taylor* at ¶ 38. *See* 2941.51(D) ("The fees and expenses approved by the court under [R.C. 2941.51] shall not be taxed as part of the costs and shall be paid by the county.").

**{¶38}** "Trial courts may impose only sentences that are provided for by statute." *Taylor* at ¶ 35. "[B]ecause there is no statutory authority allowing a trial court to 'sentence' a defendant to pay court-appointed-counsel fees, such an order cannot be included as a part of the defendant's sentence." *Id.* For this reason, "[i]f the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence." *Id.* at ¶ 37.

**{¶39}** If a trial court erroneously imposes court-appointed-counsel fees as part of a sentence, that portion of the sentencing entry must be vacated. *Id.* at ¶ 38. *Accord State v. Barnett*, 2023-Ohio-678, ¶ 23-24 (3d Dist.) (vacating that portion of the sentencing entry imposing court-appointed-counsel fees as costs because the trial court neglected to include any language indicating that the fee order was a civil assessment). "There is no need to resentence [the defendant] because, as explained above, the fee order was not lawfully part of his sentence." *Taylor* at ¶ 38.

*Analysis*

**{¶40}** On appeal, Morgan argues that the trial court erred by assessing court-appointed-counsel fees as costs as part of his sentence. The State counters that the trial court imposed court-appointed-counsel fees as a "civil assessment," but failed to include the proper language in the sentencing entry. The State requests that the matter be remanded to allow the trial court "to correct its clerical error." (Appellee's Response Brief at 15).

{¶41} In this case, the trial court's judgment entry of sentencing ordered Morgan to "reimburse all prosecution costs, including any assigned counsel fees and costs of sanctions incurred by the government pursuant to R.C. 2929.18(A)(4)." (Doc. No. 114). There is nothing in the sentencing entry to indicate that the fee order is a civil assessment and not part of Morgan's sentence. *See Taylor*, 2020-Ohio-6786, at ¶ 37. Rather, the trial court taxed court-appointed-counsel fees as costs, which is impermissible under R.C. 2941.51(D). Because the trial court failed to include any language in the sentencing entry to indicate that the order relating to court-appointed-counsel fees was a civil assessment and not part of Morgan's sentence, the fee order is not lawfully part of Morgan's sentence and must be vacated. *See Taylor* at ¶ 38; *Barnett*, 2023-Ohio-678, at ¶ 23-24 (3d Dist.).

{¶42} Based on the foregoing, we conclude that the trial court erred by imposing court-appointed-counsel fees as part of Morgan's sentence. For this reason, we vacate that portion of the December 5, 2023 judgment entry of sentencing imposing court-appointed-counsel fees.

{¶43} Accordingly, Morgan's fourth assignment of error is sustained and based on our disposition of that assignment of error, Morgan's third assignment of error is rendered moot. *See* App.R. 12(A)(1)(c).

{¶44} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in the first and second assignments of error, we affirm the judgment of the trial court. Having found error prejudicial to the

-17-

appellant herein in the particulars assigned and argued in the fourth assignment of error, we reverse and vacate that portion of the December 5, 2023 judgment entry of sentencing imposing court-appointed-counsel fees.

***Judgment Affirmed in
Part and Reversed in Part***

**WALDICK and MILLER, J.J., concur.**

**/hls**